**Eric Wayne DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0610–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 28, 1983.

Frances L. Williams, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before EVANS, C.J., and WARREN and SMITH, JJ.

OPINION

WARREN, Justice.

After waiving a jury and entering a plea of nolo contendere to three separate indictments, appellant was found guilty of possessing hydromorphone on December 27, 1980 and on December 30, 1980, and of burglary of a building on December 30, 1980. Each indictment contained an enhancement paragraph alleging that appellant had previously been convicted of burglary of a building. The court assessed appellant's punishment at ten (10) years confinement on each offense.

Counsel for appellant filed a brief urging one ground of error, that the court erred in using the same prior felony conviction to enhance appellant's punishment in each case. Counsel further stated that other than the above mentioned ground of error, the appeal was frivolous. In a pro se brief appellant has urged three additional grounds of error, as follows:

(1) that his convictions of possession of hydromorphone and burglary of a building (both committed on December 30, 1980) amounted to double jeopardy as they both arose out of the same transaction;

(2) that there was no evidence to support his conviction of possession of hydromorphone on December 27, 1980, and

(3) that both indictments for possession of hydromorphone were defective because they failed to allege which kind of possession, thereby failing to give appellant full and fair notice of the charges against him.

 After entering his plea of no contest, appellant signed a stipulation in each case waiving his right to a jury trial, waiving the appearance, confrontation, and cross-examination of witnesses, and his right against self incrimination. In the stipulations, which tracked the indictments, he judicially confessed to the offenses as alleged in the indictments except for a second count in the burglary indictment, which was waived by the State. These three stipulations were signed and approved by appellant, his counsel, and the court. Appellant's stipulations and waivers were sworn to by appellant before a Harris County Deputy District Clerk. This evidence alone was sufficient to support a conviction of the offenses charged in the three indictments. *Haney v. State,* 588 S.W.2d 913 (Tex.Cr. App.1979).

 Both briefs present a ground of error alleging that the court erred in using the same prior conviction to enhance the punishment in each of the three cases.

The sentences of not less than five (5) nor more than ten (10) years in each case, and other statements in the record, leave no doubt that the same prior conviction was used to enhance appellant's punishment in each case. Tex.Penal Code § 12.46 (Vernon 1979) provides that the use of a conviction for enhancement purposes shall not preclude the subsequent use of such conviction for enhancement purposes. There is no rational reason why a prior conviction can be used more than once on successive occasions, but can not be used to enhance each of three offenses just because they are tried on the same day.

 Appellant's ground of error alleging that his conviction of burglary and posses-

sion of hydromorphone on December 30, constitutes double jeopardy, because they arose out of the same transaction, is untenable. These are absolutely different types of offenses, requiring different types of proof. Even if former law prohibited such carving, it would not now be prohibited. *Ex Parte McWilliams,* 634 S.W.2d 815 (Tex. Cr.App.1982).

Each of appellant's grounds of error is overruled.

The judgment is affirmed.