**Charles Allen BLACKSHEAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 10–83–035–CR, 10–83–036–CR.**

Court of Appeals of Texas,
Waco.

Sept. 22, 1983.

Norman J. Hoppenstein, Waco, for appellant.

Vic Feazell, Dist. Atty., Dennis G. Green, First Asst. Dist. Atty., Robert Pandak, Kenneth R. Bennett, Asst. Dist. Attys., Waco, for appellee.

OPINION

McDONALD, Chief Justice.

Defendant Blackshear was tried on indictment for aggravated robbery (enhanced) and burglary (enhanced), convicted on each charge and sentenced to 37 years on the aggravated robbery conviction (enhanced) and 15 years on the burglary (enhanced) conviction in the Texas Department of Corrections. The statement of facts in each appeal is the same and the defendant's and the State's briefs are the same.

Defendant appeals on 2 grounds of error.

Ground 1 asserts the trial court committed fundamental error in using the same prior conviction to enhance punishment in each case.

Defendant was indicted on December 14, 1982, for aggravated robbery, enhanced by prior conviction for theft in Cause 81–26–C in McLennan County on June 2, 1981, and defendant was additionally indicted on December 14, 1982, for burglary of a habitation, enhanced by prior conviction for theft in Cause 81–26–C in McLennan County on June 2, 1981. Defendant contends that use of the same 1981 theft conviction to enhance both convictions is error and cites *Carvajal v. State,* Tex.Cr.App., 529 S.W.2d 517, cert. denied, 424 U.S. 926, 96 S.Ct. 1139, 47 L.Ed.2d 336; and *Shaw v. State,* Tex.Cr. App., 530 S.W.2d 838, as authorities controlling. Such cases were decided in November and December 1975.

In 1979 the Legislature added Section 12.46 Use of Prior Convictions to the Texas Penal Code. Such provides: "The use of a conviction for enhancement purposes shall not preclude the subsequent use of such conviction for enhancement purposes". Such statute became effective June 7, 1979.

The above statute changed the law so that after the effective date the same prior conviction can be used for enhancement

purposes. See *Ex parte Mulchahey,* Tex.Cr. App., 621 S.W.2d 602.

 Thus use of the 1981 theft conviction to enhance both the aggravated robbery and burglary convictions here was proper.

Ground 1 is overruled.

 Ground of error 2 asserts the trial court erred in overruling defendant's motion to suppress the confession because there was insufficient evidence to support the trial court's conclusion that the confession was voluntary. We have carefully examined the trial court's Finding of Fact and Conclusions of Law on the voluntariness of defendant's confession, as well as the statement of facts taken on the hearing as to the voluntariness of defendant's confession, and we conclude the trial court did not err in overruling defendant's motion to suppress.

Ground 2 is overruled.

The judgment of conviction is affirmed in both the aggravated robbery (enhanced) and the burglary of a habitation (enhanced) cases.

BOTH CASES AFFIRMED.