Frank Navarro CERVANTES,
Appellant,

v.

The STATE of Texas, Appellee.

Nos. A14–84–669–CR, A14–84–670–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 13, 1986.

Rodolfo R. Munoz, Ramon A. Cervantes, III, San Antonio, for appellant.

Jim Turner, Asst. Dist. Atty., Angleton, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

Appellant was charged with aggravated assault and aggravated assault with a deadly weapon on Texas Department of Corrections Guard Joel Casas in Cause No. 15,263 and with aggravated assault and aggravated assault with a deadly weapon on Texas Department of Corrections Guard James Riley in Cause No. 15,264. Both indictments were enhanced by two prior felony convictions. The causes were tried together and the jury found appellant guilty of both charges. Punishment was assessed by the court at twenty-five years for each cause. Both sentences are to be served concurrently with each other and with the sentence in progress. Appellant appeals the convictions, asserting five grounds of error. We affirm.

On September 14, 1983, appellant was an inmate at the Darrington Unit of the Texas Department of Corrections. Appellant's cell was located on B–Line, the wing designated for administrative segregation. Inmates are housed in the administrative segregation wing for disciplinary reasons or, in some instances, for their own protection. At about 5:00 p.m. on this date, Officer Joel Casas informed appellant that he could prepare for recreation. He allowed appellant a few moments of privacy to dress and gather the things he wished to take with him to recreation. Officer Casas returned to appellant's cell and handcuffed him. The cell door was opened and appellant proceeded down the run toward the guard picket with Officer Casas. Appellant stopped at another inmate's cell to visit, and he handed the inmate a small commissary bag.

Officer Casas, continuing in the direction of the picket, turned to see appellant slip out of his handcuffs and proceed to the opposite end of the run. He stopped at the cell of Paul Guerra, and the two inmates exchanged heated words. By this time Officer Casas had reached appellant and ordered him to put the handcuffs on. Appellant refused and then broke out a window near Guerra's cell with his fist. He began throwing pieces of glass at Guerra. When Officer Casas attempted to stop him, appellant threatened the guard several times with a jagged shard of glass. Officer Casas retreated to the picket for assistance from other guards. Officer Casas then saw appellant grab a board from a cell. Officers Casas, Riley and Karakas, armed with riot batons, moved toward appellant. As they approached, appellant ran in the direction of the officers, breaking out windows as he went. Appellant ignored orders to put the board down and return to his cell. He told the guards they would have to kill him to get him. Appellant struck Officers Casas and Riley with the board as they attempted to subdue and disarm him. The blows caused serious bodily injury, and both guards were taken immediately to the prison infirmary and later to a hospital. Neither was present when other officers were subsequently called to subdue appellant.

■ Appellant asserts the following in his first ground of error:

Evidence indicates that the prosecution of appellant was based on perjured testimony and a conspiracy by officials of the Texas Department of Corrections to conceal official oppression, brutality, violations of constitutional rights, and gross negligence. Further, officials of the state concealed evidence favorable to the defense in furtherance of the conspiracy and in violation to [sic] state and federal law.

This ground of error is multifarious and does not comply with Art. 40.09, subd. 9 of the Texas Code of Criminal Procedure. Therefore, nothing is preserved for review. *Duffy v. State,* 567 S.W.2d 197 (Tex.Crim.

App.), *cert. denied,* 439 U.S. 991, 99 S.Ct. 593, 58 L.Ed.2d 666 (1978). Furthermore, appellant fails to make any reference to the record regarding whose testimony was allegedly perjured or what evidence was allegedly concealed. *See Green v. State,* 682 S.W.2d 271, 292 (Tex.Crim.App.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 1407, 84 L.Ed.2d 794 (1985). Appellant's first ground of error is overruled.

■ Appellant states in his third ground of error that:

> [T]he trial court abused it's [sic] discretion when the judge refused to recuse himself or grant a continuance upon appellant's motion of bias after [the] judge threatened to jail counsel during legitimate questioning for impeachment purposes. Further, by denying appellant availability to call witnesses in a timely manner to establish his assertion of self-defense, the judge violated appellant's Sixth Amendment right to effective counsel.

This ground of error is also multifarious and presents nothing for review. *Duffy v. State,* 567 S.W.2d at 197. Ground of error three is overruled.

In his second ground of error appellant contends the trial court erred in granting the state's Motion in Limine because it excluded evidence "that would have shown the affirmative self-defense of necessity against multiple assailants." The motion, which was ruled upon before testimony began, required that, prior to offering any evidence of what transpired *after* the offense made the basis of these indictments, defense counsel was to confer with the court outside the presence of the jury as to the admissibility of the evidence sought to be introduced. Appellant argues that the excluded evidence concerning "the routine habit and practice of T.D.C. officials' excessive use of force" and the excluded testimony of how many times appellant was struck in 1982 by a guard (not involved in this suit) denied him the right to an instruction on self-defense from multiple assailants. However, our reading of the charge indicates that an instruction on self-defense

against multiple assailants was included. Moreover, the trial court did allow appellant to testify about several prior incidents in which T.D.C. officials, not involved in this suit, allegedly assaulted him.

■ Appellant further argues that by limiting testimony to the time span of the assault on the complaining witnesses, the court did not allow appellant to show his pervasive fear of violence and death at the hands of T.D.C. officials. This showing would have been an indication of his state of mind at the time of the event in question and would have been crucial to his claim of self-defense. We note, however, that appellant's own testimony about prior incidents gave the jury an opportunity to evaluate his state of mind at the time of the incident between Officers Casas and Riley. As was its province, the jury chose to believe the version of the facts offered by Officers Casas and Riley. Moreover, the jury was instructed in the court's charge on the issue of self-defense, and no complaint of that charge is made by appellant. Events transpiring *after* appellant struck the guards in the head with the board could not have justified appellant's use of force against them.

■ Appellant additionally contends that the exclusion of testimony concerning harsh prison conditions is error where defendants claim the affirmative defenses of duress, necessity and self-defense. Appellant cites *United States v. Bailey,* 444 U.S. 394, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980), in support of this proposition. However, *Bailey* applies to the affirmative defenses of duress and necessity in an *escape* prosecution. Clearly, *Bailey* is inapposite to the case at bar. The trial court did not err in granting the state's Motion in Limine. Appellant's second ground of error is overruled.

Appellant charges in his fourth ground of error that the trial court abused its discretion in failing to grant his Motion for Change of Venue in light of unfavorable publicity and local prejudice. Attached to his motion were two local newspaper arti-

cles and several affidavits from prisoners with no outside community contact. Only one article mentioned appellant by name. The state filed controverting affidavits with its Opposition to the Motion for Change of Venue.

■ The applicant requesting a change of venue bears a heavy burden. He must prove the existence of such prejudice in the community that the likelihood of obtaining a fair and impartial jury is doubtful. *Nethery v. State*, 692 S.W.2d 686 (Tex.Crim. App.1985) (en banc); *James v. State*, 546 S.W.2d 306 (Tex.Crim.App.1977). Absent such a showing, the trial judge is within the limits of his discretion in denying the change of venue. *Nethery v. State*, 692 S.W.2d at 694; *James v. State*, 546 S.W.2d at 309. The test to be applied is whether outside influences affecting the community's climate of opinion as to the applicant are inherently suspect. *Sheppard v. Maxwell*, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1960); *Banks v. State*, 643 S.W.2d 129 (Tex.Crim.App.), *cert. denied*, 464 U.S. 900, 104 S.Ct. 259, 78 L.Ed.2d 244 (1983).

■ The single newspaper article dealing with appellant does not prove the existence of such prejudice in the community that obtaining a fair and impartial jury was unlikely. Appellant has failed to show that outside influences affected the community's climate of opinion as to him. In fact, several venirepersons indicated a prejudice against the state during voir dire. The trial court did not abuse its discretion in overruling appellant's motion. Appellant's fourth ground of error is overruled.

■ In his fifth ground of error appellant argues that the court erred in failing to quash defective indictments. Appellant claims the indictments were defective in that the same two prior convictions were used to enhance the charges in both indictments. Section 12.46 of the Texas Penal Code provides that "[T]he use of a conviction for enhancement purposes shall not preclude the subsequent use of such conviction for enhancement purposes." This provision became effective June 7, 1979. It permits the use of the same prior conviction to enhance punishment in causes tried successively as well as those tried together. *See Walker v. State*, 661 S.W.2d 224 (Tex. App.—Houston [1st Dist.] 1983, no pet.); *Davis v. State*, 652 S.W.2d 520 (Tex.App.— Houston [1st Dist.] 1983, no pet.).

■ Appellant further argues the indictments are defective in that they erroneously categorize a "board" as a deadly weapon. Appellant contends a board may not be classified as a deadly weapon unless the evidence shows that it was specifically intended to inflict serious bodily injury or death and there was expert testimony to the effect that it was specifically designed to cause serious bodily injury or death. However, the Court of Criminal Appeals stated in *English v. State*, 647 S.W.2d 667 (Tex.Crim.App.1983), that:

> This Court does not require expert testimony in every case to support an implied finding by a jury that a particular weapon is a deadly one.... Rather, we assay the facts of a particular case to determine whether the manner of the weapon's use and intended use was such as to allow the jury to infer that the weapon was deadly.

*English v. State*, 647 S.W.2d at 669 (footnote and citations omitted). We believe the facts of this case, as to the weapon's manner of use and intended use, were sufficient to allow the jury to find that the board was a deadly weapon as charged in the indictment. *See also Jackson v. State*, 668 S.W.2d 723 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd). Appellant's fifth ground of error is overruled.

The judgment of the trial court is affirmed.