George Franklin BONNER, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–85–0530–CR to 01–85–0532–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 16, 1987.

George Franklin Bonner, pro se.

Jim Mapel, Brazoria County Dist. Atty., Jim Turner, Brazoria County Asst. Dist. Atty., Angelton, for appellee.

Before JACK SMITH, DUGGAN and COHEN, JJ.

## OPINION

COHEN, Justice.

Appellant was tried simultaneously on two indictments for aggravated kidnapping and one for aggravated sexual assault. After testimony began, appellant withdrew his not-guilty plea, and pled guilty to the jury. He also pled true to the enhancement paragraph of each indictment, and the jury assessed punishment at 94 years confinement in each case. Court-appointed counsel on appeal filed an *Anders* brief, and appellant then filed a brief, pro se.

In his second point of error, appellant contends that it was error to allow the same prior conviction to be used to enhance each of the three indictments in the same trial. Appellant relies on cases that preceded the enactment of Tex.Pen.Code Ann. section 12.46 (Vernon 1987), which provides that:

> The use of a conviction for enhancement purposes shall not preclude the subsequent use of such conviction for enhancement purposes.

Section 12.46 was intended to overrule the judicial bar to the repeated use of prior convictions to enhance punishment. *Haines v. State*, 623 S.W.2d 367, 369 (Tex. Crim.App.1981).

These offenses could have been prosecuted separately, and the same prior conviction could have been used for enhancement in each prosecution, under the express language of section 12.46. Moreover, if any of the three cases were to be retried, the retrial would be a "subsequent use," and the same prior conviction could be used again for enhancement.

The Penal Code's general objectives, *see* Tex.Pen.Code Ann. section 1.02 (Vernon 1974), would not be served by limiting the applicability of section 12.46 to separate trials, and any such limit would undermine the purpose of section 12.46. *See Walker v. State*, 661 S.W.2d 224, 225 (Tex.App.—Houston [1st Dist.] 1983, no pet.); *Davis v. State*, 652 S.W.2d 520 (Tex.App.—Houston [1st Dist.] 1983, no pet.); *see also Cervantes v. State*, 706 S.W.2d 685, 688 (Tex. App.—Houston [14th Dist.] 1986, no pet.); *Blackshear v. State*, 660 S.W.2d 139 (Tex. App.—Waco 1983, no pet.). Consequently, we hold that the same prior conviction can be used to enhance each of the three indictments tried simultaneously. The second point of error is overruled.

Appellant contends in his first point of error that the enhancement paragraphs of the indictments were fundamentally defective. The enhancement paragraphs alleged that:

[B]efore the commission of the offense alleged above, on the 30th day of June, A.D. 1983 in Cause Number 14, 768 in the 23rd Judicial District Court of Brazoria County, Texas, the defendant ... was convicted of the felony offense of Burglary of a Vehicle....

■ First, appellant contends that it was necessary to plead that the prior conviction was final. There is no such requirement. An allegation that appellant has been convicted is sufficient. *Williams v. State*, 596 S.W.2d 862, 865 (Tex.Crim.App.1980).

■ Next, appellant contends that the State did not prove that the prior conviction was final. No such proof was required because appellant pled "true." *Harvey v. State*, 611 S.W.2d 108, 111 (Tex.Crim.App.), *cert. denied*, 454 U.S. 840, 102 S.Ct. 149, 70 L.Ed.2d 123 (1981). The first point of error is overruled.

■ In his third point of error, appellant contends that the evidence is insufficient to prove that he restrained the complainant by "moving her from one place to another, to wit, *from a parking place on Gulf Boulevard* in Freeport, Texas, to a road outside said city," because the evidence established that the complainants were parked "off of Gulf Boulevard" in "a parking lot off over to the side" of a business located on Gulf Boulevard.

The evidence, viewed in a light most favorable to the verdict, indicates that the victims were abducted from their parking place in front of a store on Gulf Boulevard. There is no variance between the proof and the indictment. The third point of error is overruled.

■ Appellant's fourth point of error contends that the jury charge was fundamentally defective because "it improperly failed to apply the facts to the law on the allegations contained within the indictments ... on the lesser included offense...." Appellant asserts that each kidnapping indictment also alleged false imprisonment because the indictments described how the complainants were restrained.

The kidnapping indictments alleged that appellant did:

[I]ntentionally and knowingly abduct [the complainant], with intent to inflict bodily injury on her, and to violate and abuse her sexually by using and threatening to use deadly force, namely, a firearm, and said defendant did intentionally and knowingly restrain [the complainant] by moving her from one place to another, to wit, from a parking place on Gulf Boulevard in Freeport, Texas, to a road outside said city without her consent by force and intimidation.

Tex.Pen.Code Ann. section 20.03 (Vernon 1974) defines kidnapping as "intentionally or knowingly abduct[ing] another person." Tex.Pen.Code Ann. section 20.01(2) (Vernon 1974) defines abduct as "to restrain a person...."

The indictments merely describe the kind of restraint that was used to abduct the complainants. They do not allege false imprisonment. The fourth point of error is overruled.

■ Appellant contends in his fifth point of error that the trial court erred in admitting certain photographs; in his sixth point of error that the trial court erred in admitting evidence concerning the rape kit; and in his seventh and eighth points of error that the trial court erred in allowing the admission of two extraneous offenses.

■ Appellant's guilty plea waived all non-jurisdictional defects. *Helms v. State*, 484 S.W.2d 925, 927 (Tex.Crim.App.1972). These complaints are not jurisdictional. Accordingly, points of error five through eight are overruled.

■ Appellant finally contends that he was denied the effective assistance of counsel. However, he does not contend that he was prejudiced, as required by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Additionally, the point of error cites no authority and

contains only one citation to the record. Nothing is presented for review. Tex.R. App.P. 74(f). The ninth point of error is overruled.

Although not raised, the judgment recites that "the Court finds the defendant used a deadly weapon, to wit: a firearm...." The record reflects that the jury, not the court, found that a deadly weapon was used. Accordingly, the judgment is ordered reformed to indicate that "the jury found that the defendant used a deadly weapon, to wit: a firearm...." *Polk v. State*, 693 S.W.2d 391 (Tex.Crim. App.1985); Tex.R.App.P. 80(b).

The judgment, as reformed, is affirmed.