**David A. UHRICH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–87–212–CR.**

Court of Appeals of Texas, Austin.

Feb. 22, 1989.

Leonard Martinez, Austin, for appellant.

Ken Anderson, Dist. Atty. and Paul Womack, Asst. Dist. Atty., Georgetown, for appellee.

Before GAMMAGE, POWERS and ABOUSSIE, JJ.

GAMMAGE, Justice.

David A. Uhrich appeals from a judgment of conviction for the offense of aggravated possession of a controlled substance. Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 4.04(c) (Supp.1989). The trial court assessed punishment at seven years in the Texas Department of Corrections and a $1500 fine. We will affirm the judgment.

Uhrich was found in David Christensen's apartment when officers executed a search warrant on the premises. Uhrich was in the bedroom, shirtless, and standing between a chair and a chest. A shirt was on the chair, and in the pocket was a "baggie" containing 1.58 grams of methamphetamine and some receipts made out to Uhrich.

On the bed was a closed black briefcase containing a film can, one large baggie and six small baggies, cumulatively holding 54.49 grams of methamphetamine of various purity levels. The briefcase also contained ten papers, seven with Uhrich's name on them, and various drug paraphernalia including a syringe, spoon and alcohol swabs. Uhrich's wallet contained $2000 in twenty-dollar bills and $617 in various denominations.

Christensen was found hiding in a closet, along with a metal box containing several containers of powder, cumulatively holding 42.14 grams of methamphetamine, a triple weigh scale and a sifter. Deborah Ann Cross was found in the bathroom.

Uhrich contends in his first point of error that the circumstantial evidence was insufficient to find him guilty beyond a reasonable doubt. We disagree. In a drug possession case, the State must prove the defendant exercised care, control and management over the substance, and that he knew the substance he possessed was contraband. *Humason v. State*, 728 S.W. 2d 363, 364 (Tex.Cr.App.1987). When the accused is not in exclusive possession of the premises where contraband is found, additional independent facts must affirmatively link him to the controlled substance. *Deshong v. State*, 625 S.W.2d 327, 329 (Tex.Cr.App.1981).

The State showed that Uhrich was standing in the bedroom without a shirt. The pocket of a shirt on the chair beside him contained a small bag of methamphetamine and two receipts to Uhrich from different sources. A briefcase, laying unopened on the bed, contained two of Uhrich's orders of commitment to jail, his receipt for payment of attorney's fees, his case reset form, his traffic ticket copy, his receipt for payment of a fine, his receipt from Radio Shack, a check made out to a Steven Nichols for $25.00, a vehicle tax receipt made out to a Michael Bannister and an auto insurance card made out to a Gilbert Colman Pritney. In addition to these papers, the briefcase contained a film can containing 1.13 grams of methamphetamine of undetermined quality, a baggie containing 22.44 grams of methamphetamine at 41 per cent, five smaller baggies containing 23.98 grams of methamphetamine at 52 per cent, a small baggie containing 6.94 grams of methamphetamine of undetermined quality, a syringe, a syringe

package, a spoon, alcohol swabs and a plastic bag containing a number of other empty plastic bags.

In determining the sufficiency of the evidence to support a criminal conviction, we view the evidence in the light most favorable to the verdict and then determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. State*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Carlsen v. State*, 654 S.W.2d 444, 448 (Tex.Cr.App.1983) (opinion on rehearing). In circumstantial evidence cases the same standard for review is applied: "[A] process of elimination must be used.... [I]f the evidence supports an inference other than the guilt of appellant, a finding of guilty beyond a reasonable doubt is not a rational finding." *Freeman v. State*, 654 S.W.2d 450, 456 (Tex.Cr.App. 1983) (opinion on rehearing).

The described drug paraphernalia is evidence showing the possessor of the briefcase knowingly possessed the methamphetamine. The receipts and other identifying papers in the briefcase supply necessary affirmative links showing Uhrich exercised care, control and management over the 54.-49 grams of methamphetamine in the briefcase. The pocket of the shirt on the chair contained receipts made out to Uhrich affirmatively linking him to the methamphetamine found there.

Uhrich contends that Christensen's pretrial testimony that he (Christensen) owned everything in the apartment shows the subject briefcase could not be Uhrich's. We disagree. Christensen's testimony at the pretrial hearing included the following:

Cross Examination by Mr. Womack

MR. WOMACK: Did David Uhrich bring a briefcase to your house?

CHRISTENSEN: I believe he carried a briefcase, yes.

MR. WOMACK: And so that was his briefcase and not your briefcase, right?

CHRISTENSEN: I had a briefcase too.

MR. WOMACK: But your briefcase was your briefcase and David Uhrich's briefcase was David Uhrich's briefcase, right?

CHRISTENSEN: Yes, sir.

MR. WOMACK: Is that right?

CHRISTENSEN: Yes, sir.

Taken in the light most favorable to the verdict, we find there is sufficient evidence to find Uhrich guilty beyond a reasonable doubt of possessing over 28 grams of the controlled substance methamphetamine. The first point of error is overruled.

■ In his second point of error, Uhrich complains that the trial court erred in denying his collateral estoppel plea in bar to his prosecution. Relying on *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), Uhrich argues that, because Christensen was convicted of possessing over 28 grams but less than 400 grams of methamphetamine, the State is collaterally estopped from prosecuting him (Uhrich) for possession of the same substance since he was not charged with joint possession.

This argument assumes that Christensen pleaded guilty to possessing the same methamphetamine Uhrich was convicted of possessing. But Christensen pleaded guilty only to possession of over 28 grams but less than 400 grams of methamphetamine. The evidence is that Christensen was found in a closet with a metal box containing 42.14 grams of methamphetamine. Other evidence (see point of error number one) shows Uhrich possessed 54.49 grams of methamphetamine found in the briefcase and 1.58 grams found in the shirt pocket. Because the evidence shows Christensen and Uhrich each possessed more than 28 grams of methamphetamine, Uhrich's second point of error is overruled.

In his third point of error, Uhrich complains the trial court erred in denying his motion to suppress the fruits of the search conducted incident to his arrest because his arrest was without probable cause. He fails, however, to cite facts or authority in support of the error alleged and, consequently, preserves nothing for review. *Melton v. State*, 713 S.W.2d 107, 113 (Tex. Cr.App.1986); *Hefner v. State*, 735 S.W.2d 608, 626 (Tex.App.1987, pet. ref'd); *Bonner*

*v. State*, 728 S.W.2d 921, 923 (Tex.App. 1987, no pet.); Tex.R.App.P. 74(d) & (f) (Pamp.1988).

Even had Uhrich properly briefed this point of error, it would still be overruled. The police entered Christensen's house pursuant to a valid combination search and arrest warrant. The affidavit underlying the warrant, after describing the place to be searched, named Christensen and "Person, or Persons, unknown to the affiant at this time" as the persons in charge of and controlling the suspected premises. The warrant authorized the officers to enter the premises, seize the methamphetamine and arrest each suspected party named in the affidavit.

■ It is well settled in Texas that such a warrant does not allow others present, but not named in the warrant, to be searched without probable cause, *Lippert v. State*, 664 S.W.2d 712, 720 (Tex.Cr.App. 1984); and, from the record, it appears that Uhrich was not one of the persons who was "in charge of and controlled" the suspected premises. It is also well settled, however, that "evidence of a possible criminal offense, [sic] may be seized, and used as the basis for a warrantless arrest, when the officer is lawfully in a position or place from which (s)he may view that evidence." *Daugherty v. State*, 652 S.W.2d 569, 574 (Tex.App.1983, pet. ref'd).

■ The evidence underlying Uhrich's conviction was found not on his person, but in a house identified in a valid search warrant authorizing the officers to search the premises for methamphetamine. Uhrich was found in the bedroom. Evidence showed Uhrich was intoxicated and wearing no shirt. Papers discovered in the pocket of a shirt hanging on a chair beside him linked Uhrich to the shirt and the drugs also found in its pocket. A search of the briefcase linked Uhrich to the briefcase and the drugs found therein. Probable cause existed from the cumulative information available to the officers at the time they arrested Uhrich. *Woodward v. State*, 668 S.W.2d 337, 345 (Tex.Cr.App.1982), *cert. denied*, 469 U.S. 1181, 105 S.Ct. 939,

83 L.Ed.2d 952 (1985). Uhrich's third point of error is overruled.

The judgment of conviction is affirmed.