**Michael JOLIVET, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 05–89–01451, 05–89–01452–CR.**

Court of Appeals of Texas,
Dallas.

June 13, 1991.

William T. Hughey, Dallas, for appellant.

Pamela Sullivan Berdanier, Dallas, for appellee.

Before ENOCH, C.J., and WHITHAM and LAGARDE, JJ.

## OPINION

LAGARDE, Justice.

Appellant Michael Anthony Jolivet appeals from convictions for aggravated robbery and aggravated sexual assault. Both offenses were tried in one trial. Jolivet asserts that, during the punishment phase of trial, the trial court erred in admitting into evidence unadjudicated, extraneous offenses. We sustain Jolivet's point of error and, accordingly, reverse and remand.

## PROCEDURAL BACKGROUND

Jolivet pleaded guilty before the jury to both the aggravated robbery and the aggravated sexual assault. Both offenses occurred on the evening of November 11, 1988, at the apartment of Robert Vallone while Vallone and his girlfriend, Kris Koeger, were present. Jolivet raped Koeger.

During the punishment phase of trial, Jolivet did not testify and did not present any testimony. In contrast, the State offered the testimony of Vallone and Koeger, the police investigator, a fingerprint expert, and five witnesses who testified that Jolivet had committed similar offenses upon them between the date of the primary offenses and the date of trial on November 28, 1989. The State also introduced evidence of three prior convictions for burglary of a habitation and one prior conviction for assault. With respect to the State's evidence, Jolivet complains only of the testimony of the unadjudicated, extraneous offenses. After hearing all the evidence, the jury assessed Jolivet's punishment at a life sentence and a $10,000 fine for each offense.

## UNADJUDICATED, EXTRANEOUS OFFENSES

In his only point, Jolivet asserts that the trial court erred in admitting the unadjudi-

cated, extraneous offenses into evidence at the punishment phase. Three of the witnesses, two male and one female, testified that Jolivet robbed them and raped the female on January 8, 1989. The other two witnesses, one male and one female, testified that on January 28, 1989, Jolivet also robbed them and raped the female. All the extraneous offenses involved a robbery and sexual assault as did the primary offenses. They were also similar in other respects. Jolivet argues that in admitting the unadjudicated, extraneous offenses into evidence, the trial court exceeded its authority under article 37.07, section 3(a) of the Texas Code of Criminal Procedure. TEX.CODE CRIM. PROC.ANN. art. 37.07, § 3(a) (Vernon Supp. 1991). This section, which was amended in 1989, provides, in pertinent part, as follows:

> Sec. 3. Evidence of prior criminal record in all criminal cases after a finding of guilty.
>
> (a) Regardless of the plea and whether punishment be assessed by the judge or the jury, evidence may, as permitted by the Rules of Evidence, be offered by the state and the defendant as to *any matter the court deems relevant to sentencing, including* the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged.

TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(a) (Vernon Supp.1991) (emphasis added to reflect the amendatory language). This amendment took effect on September 1, 1989. Prior to the amendment, this section read as above, exclusive of the emphasized portion. TEX.CODE CRIM.PROC.ANN. art. 37.-07, § 3(a) (Vernon 1981).

■ With respect to the amendment, the legislative history does not tell us whether the amendment governs all trials commenced after that date or only those trials in which the offense was committed after the effective date of the amendment. Nevertheless, we conclude that this amendment applies to all trials commenced after September 1, 1989, regardless of when the

offense was committed because it is strictly a procedural matter and does not deprive the defendant of any substantial right. *Ex parte Nelson,* 594 S.W.2d 67, 69 (Tex.Crim. App. [Panel Op.] 1979) (opinion on reh'g); *Ritchey v. State,* 407 S.W.2d 506, 507 (Tex. Crim.App.1966); *Tumlinson v. State,* 757 S.W.2d 440, 442 (Tex.App.—Dallas 1988, pet. ref'd). Jolivet committed the primary offenses on November 11, 1988, and his trial began on November 28, 1989. Thus, we conclude that the amended version of section 3(a) of article 37.07 governed Jolivet's trial.

Jolivet contends that the unadjudicated, extraneous offenses are inadmissible even under the amended version of article 37.07, section 3(a) for two reasons. First, he argues that article 37.07, section 3(a) requires a prior conviction as a prerequisite to their admission. Second, Jolivet argues that the admission of the extraneous offenses was not permitted by the rules of criminal evidence because their prejudicial effect outweighed any probative value they may have. TEX.R.CRIM.EVID. 403.

The State responds with several arguments. First, the State contends that Jolivet has waived this point because he knowingly and voluntarily entered a guilty plea. *Helms v. State,* 484 S.W.2d 925, 927 (Tex. Crim.App.1972). In *Helms,* the Court held that a defendant waives all nonjurisdictional defects when he voluntarily enters a guilty plea. *Id. Helms* has subsequently been held to apply to jury trials. *King v. State,* 687 S.W.2d 762, 765 (Tex.Crim.App. 1985). The appellant in *Helms* complained of the admission of evidence which was obtained as a result of an illegal search and seizure which occurred prior to his entry of a guilty plea. A true application of *Helms* waives only those defects which have occurred prior to the time a defendant enters a voluntary guilty plea. *Compare* TEX. R.APP.P. 40(b)(1) (outlining the procedure for perfecting an appeal for a nonjurisdictional defect or error that occurred *prior* to the entry of a guilty plea pursuant to a negotiated plea bargain).

The State cites *Bonner v. State*, 728 S.W.2d 921 (Tex.App.—Houston [1st Dist.] 1987, no pet.) to support its contention that the *Helms* rule also applies to nonjurisdictional errors occurring *after* the entry of a guilty plea. In *Bonner*, the appellant changed his plea from not guilty to guilty after testimony began. *Id.* at 922. The court held that under *Helms*, the appellant waived his complaints as to the admission of certain evidence, including two extraneous offenses. *Id.* at 923. However, *Bonner* is not authoritative on this point because the opinion does not make clear whether the extraneous offenses were introduced into evidence *before* or *after* the appellant changed his not guilty plea to guilty during the course of trial.

■ We conclude that a correct application of the *Helms* rule, which has its roots in federal case law, was stated by the Fifth Circuit as follows: "A plea of guilty knowingly, willingly, and voluntarily entered into waives nonjurisdictional defects that occurred *prior to the plea.*" *United States v. Brice*, 565 F.2d 336, 337 (5th Cir.1977) (emphasis added). Clearly, a defendant "cannot waive a defect in proceedings that have not yet occurred." *King*, 687 S.W.2d at 767. (Clinton, J., concurring). A guilty plea governs the guilt/innocence phase of a trial; it has no bearing on the punishment phase of a trial. Thus, we hold that by pleading guilty, Jolivet did not waive any nonjurisdictional defects occurring *after* his plea during the punishment phase of his trial.

■ Second, the State argues that the amended version of article 37.07, section 3(a) is more encompassing than its predecessor and now permits the admission of unadjudicated, extraneous offenses. This Court has recently held that the amended version of section 3(a) of article 37.07 of the Code of Criminal Procedure does not permit the admission of unadjudicated, extraneous offenses at the punishment phase of trial. *Grunsfeld v. State*, 813 S.W.2d 158 (Tex.App.—Dallas 1991, no pet. h.).[1]

■ Thus, we conclude that the trial court abused its discretion in admitting into evidence the unadjudicated, extraneous offenses allegedly committed by Jolivet. On the record before us, we are unable to determine beyond a reasonable doubt that the error did not contribute to Jolivet's punishment. TEX.R.APP.P. 81(b)(2). Accordingly, Jolivet's point of error is sustained.

We reverse the trial court's judgments and remand to the trial court for proceedings consistent with this opinion.

---

1. Although the author of this opinion adheres to the view expressed in her dissent in *Grunsfeld,* in which the chief justice and five other justices joined, she is constrained by the doctrine of *stare decisis* to follow the *Grunsfeld* majority.