**Moises SANTOS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 05–91–01404–CR, 05–91–01469–CR and 05–91–01470–CR.**

Court of Appeals of Texas, Dallas.

April 6, 1994.

Carl D. Hughes, Dallas, for appellant.

Linda H. Green, Dallas, for appellee.

Before BAKER, LAGARDE and KINKEADE, JJ.

## OPINION

BAKER, Justice.

Moises Santos pleaded guilty to two charges of unlawful possession with intent to deliver cocaine and one charge of unlawful delivery of cocaine to a minor. Appellant's pleas were without an agreement on punishment. The trial court accepted his pleas, found him guilty, and assessed a fifty-year sentence in each case. Appellant contends he did not receive effective assistance of counsel. We hold appellant waived review of this claim. We affirm the trial court's judgment.

## THE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL

Appellant claims he received ineffective assistance of counsel that denied him a fair trial. He asserts his trial counsel was ineffective because counsel did not tell him of the conflict of interest between appellant and his wife. He contends counsel was ineffective because counsel did not object to illegally seized evidence. Finally, he claims his counsel did not tell him or his wife of the spousal testimonial privilege. Appellant does not contend these claims of ineffective assistance of counsel made his guilty plea involuntary or unknowing.

## APPLICABLE LAW

A defendant waives all nonjurisdictional defects including claimed deprivation of federal due process rights by entering a guilty plea without a plea bargain agreement. *Helms v. State,* 484 S.W.2d 925, 927 (Tex. Crim.App.1972); *Soto v. State,* 456 S.W.2d 389, 390 (Tex.Crim.App.1970), *cert. denied,* 401 U.S. 942, 91 S.Ct. 947, 28 L.Ed.2d 223 (1971); *Fierro v. State,* 437 S.W.2d 833, 834 (Tex.Crim.App.1969). A knowing and voluntary plea of guilty is the predicate for the waiver rule. *Shallhorn v. State,* 732 S.W.2d 636, 639 (Tex.Crim.App.1987); *Soto v. State,* 837 S.W.2d 401, 403 (Tex.App.—Dallas 1992, no pet.). The waiver rule applies to nonjurisdictional defects that occur before the entry of the plea. *Jolivet v. State,* 811 S.W.2d 706,

708 (Tex.App.—Dallas 1991), *aff'd*, 846 S.W.2d 847 (Tex.Crim.App.1993). Ineffective assistance of counsel is a nonjurisdictional issue. *Lyon v. State*, 872 S.W.2d 732, 736 (Tex.Crim.App.1994).

■ To successfully attack a guilty plea on ineffective assistance grounds, an appellant must show the alleged deficiencies caused his plea to be unknowing and involuntary. *Glaze v. State*, 675 S.W.2d 768, 769 n. 1 (Tex.Crim. App.1984).[1]

## APPLICATION OF LAW
## TO THE FACTS

■ Appellant's ineffective assistance of counsel claims involve assertions of counsel's deficiencies before the guilty pleas. Appellant does not contend any of the alleged deficiencies made his pleas either involuntary or unknowing. We hold appellant waived review of his claim. *Helms*, 484 S.W.2d at 927. We affirm the trial court's judgments.

---

1. We recognize that footnotes in opinions of the court of criminal appeals are not holdings of that court, but are dicta. *See Young v. State*, 826 S.W.2d 141, 144 n. 5 (Tex.Crim.App.1991); *see also Young*, 826 S.W.2d at 153 n. 3 (Benevides, J., dissenting). However, we consider the comment persuasive to our reasoning in this case.