NUMBER 13-05-156-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JONATHAN BRIDGES, Appellant,


v.



THE STATE OF TEXAS , Appellee.

 


On appeal from the 105th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Yañez


 

 Appellant, Johnathan Bridges, pled guilty to the offense of possession of cocaine. 
A jury found appellant guilty and sentenced him to fifteen months' imprisonment. 
Appellant, through five issues, contends that he received ineffective assistance of counsel. 
We affirm. (1)

Standard of Review

 To prevail on a claim of ineffective assistance of counsel, the defendant must show
that trial counsel's performance was deficient and that a reasonable probability exists that
the result of the proceeding would have been different but for the deficiency. (2) The first
prong of the Strickland test requires that the appellant show that counsel's performance
fell below an objective standard of reasonableness. (3) Thus, the defendant must prove
objectively, by a preponderance of the evidence, that trial counsel's representation fell
below professional standards. (4) The second prong requires that the defendant show a
reasonable probability that, but for counsel's unprofessional errors, the result of the
proceeding would have been different. (5) Under the first prong, however, a reviewing court
must indulge in a strong presumption that counsel's conduct falls within the wide range of
reasonable professional assistance. (6) Any allegation of ineffectiveness must be firmly
founded in the record, and the record must demonstrate affirmatively the alleged
ineffectiveness. (7)

Discussion

 Appellant asserts he received ineffective assistance of counsel as a result of
counsel's failure to (1) file a motion to suppress evidence, (2) obtain rulings on appellant's
pretrial motions, (3) obtain a ruling on counsel's motion to withdraw, and (4) set a hearing
on appellant's motion for new trial. In his fifth issue, appellant asserts that his counsel's
ineffectiveness is further evidenced by counsel's own admission to ineffective assistance
of counsel.

 We begin by addressing appellant's fifth issue, wherein appellant complains that his
counsel was ineffective by his own alleged admission to that effect in a motion for new trial. 
In the motion, appellant's counsel stated: "The Defendant's basis for a new trial is that he
was provided with ineffective assistance of counsel. Defense Counsel files this motion on
his clients [sic] behalf in order to protect the Defendant's appellate rights and asks that
New Counsel be appointed to represent Mr. Bridges on appeal." The State contends that
appellant's counsel "filed the motion alleging ineffective assistance as a ground in order
to preserve his client's rights, he made no general or specific admissions that he was, in
fact, ineffective in his representation." We agree. Because the motion does not constitute
an admission and has no significance to the present allegations of ineffective assistance
of counsel, appellant's fifth issue is overruled.

 In issues three and four, appellant asserts that his counsel was ineffective in his
post-judgment conduct. Appellant contends that this ineffectiveness delayed the
appointment of new counsel, and that this delay left appellant's newly appointed counsel
with little time to prepare for a hearing on appellant's motion for new trial.

 With regard to post-judgment conduct, this Court has held that when the record
does not show that trial counsel withdrew or was replaced by new counsel after sentencing,
there is a rebuttable presumption that trial counsel continued to effectively represent the
accused during the time for filing a motion for new trial. (8) The facts presented to us do not
rebut this presumption. There is no evidence to show that counsel had abandoned
appellant, or that appellant was not counseled by his attorney regarding the merits of a
motion for new trial. Furthermore, appellant admits in his brief that he was given a hearing
on his motion for new trial, but that "since Appellant could not be brought back in time from
the State Jail Facility the hearing was held and said motion died by operation of law." We
thus find that appellant has not presented this Court with any evidence to show that his
counsel was ineffective, nor has appellant shown how any alleged ineffectiveness could
have conceivably harmed him since appellant missed his hearing through no fault of his
counsel. In light of appellant's inability to satisfy both prongs of the Strickland test, issues
three and four are overruled.

 In issues one and two--failure to file a motion to suppress and obtain rulings on
pretrial motions--appellant complains of matters that occurred before his plea of guilty. 
A defendant who knowingly and voluntarily pleads guilty without a plea bargain agreement
waives all nonjurisdictional defects that occurred before the entry of the plea. (9) Ineffective
assistance of counsel is a nonjurisdictional defect. (10) An attack upon a guilty plea based
on a claim of ineffective assistance of counsel will succeed only if appellant shows that his
attorney's alleged deficiencies caused his plea to be unknowing and involuntary. (11)

 We first note that to prevail on a claim of ineffective assistance based on counsel's
failure to file a motion to suppress, appellant has to prove that the trial court would have
granted the motion. (12) Appellant has presented no evidence to satisfy this burden. Second,
the failure to file pre-trial motions is not categorically deemed ineffective assistance of
counsel because trial counsel may decide not to file pre-trial motions as part of his trial
strategy. (13) Appellant has not rebutted this possibility with regard to his counsel's decision
not to file a motion to suppress. Lastly, appellant makes no contention that any of his trial
counsel's deficiencies rendered his plea unknowing or involuntary. There is no evidence
that appellant would have pleaded not guilty had it not been for his counsel's alleged
ineffectiveness. We find that the judgment of guilt was rendered independent of, and is
not supported by, the alleged ineffective assistance of counsel claimed by appellant. 
Appellant has thus failed to satisfy both prongs of the Strickland test; accordingly, issues
one and two are overruled.

Conclusion

 We affirm the trial court's judgment.



 

 LINDA REYNA YAÑEZ,

 Justice




Do not publish. Tex. R. App. P. 47.2(b).


Memorandum opinion delivered and filed 

this the 14th day of June, 2007.
1. As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them
here except as necessary to explain the Court's decision and the basic reasons for it. See Tex. R. App. P.
47.4.
2. Strickland v. Washington, 466 U.S. 668, 687 (1984).
3. Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).
4. Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).
5. See Strickland, 466 U.S. at 694; Thompson, 9 S.W.3d at 812. 
6. Strickland, 466 U.S. at 689.
7. Thompson, 9 S.W.3d at 813.
8. Jones v. State, 39 S.W.3d 691, 693 (Tex. App.-Corpus Christi 2001, no pet.).
9. Monreal v. State, 99 S.W.3d 615, 619 (Tex. Crim. App. 2003).
10. Lyon v. State, 872 S.W.2d 732, 736 (Tex. Crim. App. 1994).
11. Santos v. State, 877 S.W.2d 15, 17 (Tex. App.-Dallas 1994, no pet.).
12. Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (per curiam).
13. See Hammond v. State, 942 S.W.2d 703, 710 (Tex. App.-Houston [14th Dist.] 1997, no pet.).