**Affirmed as modified and Opinion Filed July 29, 2013**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-01154-CR
No. 05-12-01155-CR
No. 05-12-01156-CR
No. 05-12-01157-CR

## ELISHA ROSE JR., Appellant

V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F11-21019-T, F11-21020-T, F11-21021-T, and F11-21022-T**

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Lewis
Opinion by Justice Francis

In these appeals, Elisha Rose Jr. challenges his enhanced punishment, arguing the evidence was insufficient to prove he was a habitual or repeat offender. We affirm.

Appellant was charged by four separate indictments with burglary of a habitation, theft of a vehicle, aggravated robbery, and possession of a firearm by a felon, all of which arose out of the same criminal transaction. In each case, the State alleged the same two prior felony convictions in the indictment or by written notice.

Subsequently, the State dropped the deadly weapon allegation from the aggravated robbery indictment, reducing the charge to robbery. Appellant then waived his right to a jury

trial and pleaded guilty to the offenses without a recommendation as to punishment. He also pleaded true to the enhancement allegations.

Before appellant entered his pleas of guilty and true, the trial court admonished appellant on the range of punishment for each of the offenses without the enhancement allegations, with proof of one prior conviction, and with proof of both prior convictions. With respect to the latter, the trial court admonished appellant that if the State proved both prior convictions in the burglary, robbery, and weapons cases, his punishment would be enhanced to "habitual offender status which is 25 years to 99 years or life and no fine." In the theft case, the trial court admonished appellant that the two prior felony convictions enhanced the offense to a second-degree felony carrying a punishment range of two to twenty years in prison and an optional fine of $10,000. At the conclusion of the lengthy admonishment, the trial court noted, "That's a lot to take in but I'm sure your attorney has gone over that pretty thoroughly with you several times, is that correct?" Appellant responded, "Yes, sir."

The trial court admitted State's exhibits one and two in each case: (1) appellant's signed judicial confession and stipulation of evidence and (2) appellant's signed, written voluntary plea of true to the enhancement paragraphs. After accepting appellant's pleas, the trial court reset the case for sentencing until a pre-sentence investigation report and CATS evaluation could be completed.

Appellant testified at the subsequent sentencing hearing. He acknowledged he had four cases, "three of which carried sentences of 25 years to life imprisonment and one [which] is two to 20 years." Appellant asked the trial court to consider probating his sentences and sending him to SAFP for drug treatment. On questioning by the prosecutor, appellant acknowledged he had a "theft history" that went back twenty-five years. Specifically, he admitted having eleven or

twelve prior theft cases and three assaults.  He also admitted he had been placed on probation four times in the past and had been revoked each time.  At the conclusion of the evidence and argument of counsel, the trial court stated the following:

> Mr. Rose, in the first three cases I find you guilty as charged.  In the aggravated robbery case I find you guilty of the lesser included offense of robbery.  I find the enhancement paragraphs to be true.  In all of the cases - - in the theft enhanced case I assess your punishment at 20 years confinement in the Institutional Division, in the other three cases at 25 years confinement in the Institutional Division.

The trial court asked if there was any legal reason why appellant should not be sentenced at this time, and appellant's counsel responded, "No, Your Honor."

Relying on the above paragraph, appellant first argues the trial court made no finding that the enhancement allegations were true in the burglary, theft, and weapon cases.  He interprets the above paragraph to evidence only a finding of true to the enhancement paragraphs in the robbery case.  We disagree.

As explained by the State, the above-quoted passage contains the court reporter's" own idea" of where to insert punctuation.  Without changing a single word but by correcting the punctuation to eliminate an incomplete phrase, the passage reads:  "I find the enhancement paragraphs true [i]n all of the cases[.]"  We conclude this provides the more reasonable interpretation—and one supported by the trial court's assessment of punishment.  We conclude this argument is without merit.

Next, appellant complains the State failed to prove the two prior convictions occurred sequentially in the theft, weapon, and robbery cases.

Beginning with the theft under $1,500 case, the indictment alleged two prior thefts, making the instant offense a state jail felony.  *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West Supp. 2012).  To enhance his conviction to a second-degree felony, as was done here, the

3

State was required to prove beyond a reasonable doubt that appellant "has previously been finally convicted of two felonies, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final[.]"  TEX. PENAL CODE ANN. § 12.42(a)(2)) (subsequently amended by Act of May 25, 2011, 82nd Leg., R.S., ch. 834, § 2, 2011 Tex. Sess. Law Serv. 2104 (Vernon 2011)) (now found at TEX. PENAL CODE ANN. § 12.425(b) (West Supp. 2012).

The indictment contained two enhancement paragraphs alleging the following:

> And it is further presented to said Court that prior to the commission of the offense or offenses set out above, the defendant was finally convicted of the felony offense of ASSAULT BODILY INJURY DOMESTIC VIOLENCE ENHANCED, in the 282ND JUDICIAL DISTRICT COURT of DALLAS County, Texas, in Cause number F04-71551, on the 23RD day of JUNE, 2006.

> And that prior to the commission of the offense or offenses for which the defendant was convicted as set out above, the defendant was finally convicted of the felony offense of BURGLARY OF A HABITATION in the CRIMINAL DISTRICT COURT NO. 5 of DALLAS County, Texas, in Cause Number F90-00644, on the 14TH of MARCH, 1990[.]

Thus, the indictment alleged appellant was finally convicted on March 14, 1990 of burglary of a habitation before he committed and was finally convicted on June 23, 2006 of assault causing bodily injury/domestic violence enhanced.  The indictment further alleged that both prior convictions became final before appellant committed the instant offense of theft on August 2, 2011. Contrary to appellant's assertion otherwise, these paragraphs alleged sequential, final felony convictions, and appellant's plea of true constituted sufficient proof to support the enhancement allegation.  *Wilson v. State*, 671 S.W.2d 524, 526 (Tex.Crim. App. 1984) ("[P]leas to enhancement allegations are different from pleas at the guilt-innocence phase of trial because a plea of 'true' *does* constitute evidence and sufficient proof to support the enhancement allegations.") (emphasis in original).  Appellant's complaint is without merit.

In the weapon case, the indictment contained one enhancement paragraph alleging a previous felony conviction for unauthorized use of a motor vehicle in 1990. On the day of the hearing, the State dropped the enhancement paragraph and relied on a previously filed notice of special plea of enhancement paragraphs. The notice alleged the June 2006 conviction for felony assault/domestic violence and the March 1990 felony conviction for burglary of a habitation. The notice contained the date of sentence, court, county, cause number, name on conviction, and offense. Appellant argues the State failed to prove the convictions occurred sequentially because the notice did not state the 2006 domestic violence conviction became final before the current weapon case or that it occurred after the 1990 charge became final.

In the robbery case, the indictment contained one enhancement paragraph for the March 1990 burglary. On the day of the plea hearing, the State filed a notice of special plea of enhancement paragraphs alleging the 2006 domestic violence offense. Again, the notice contained the date of sentence, court, county, cause number, name on conviction, and offense. Appellant argues the State failed to prove the convictions occurred sequentially because the notice did not state the 2006 conviction became final before the robbery occurred or that it occurred after the 1990 burglary became final.

Texas Penal Code 12.42(d) governs punishment enhancement for habitual felony offenders. Under section 12.42(d), the chronological sequence of events must be proved as follows: (1) the first conviction becomes final; (2) the offense leading to a later conviction is committed; (3) the later conviction becomes final; (4) the offense for which the defendant presently stands accused is committed. *Jordan v. State*, 256 S.W.3d 286, 290–91 (Tex. Crim. App. 2008). Thus, the State had the burden of proving sequential felony convictions. *Id*.

Here, however, appellant pleaded "true" to the enhancement allegations as contained in the indictment and the State's special notice. A plea of true to enhancement paragraphs relieves the State of its burden of proving prior convictions alleged for enhancement and forfeits a defendant's right to challenge the evidentiary sufficiency supporting enhancement even when the enhancement paragraph contains no allegations as to that statutory requirement. *Childs v. State*, No. 05-09-01225-CR, 2011 WL 285851, *at 4–5 (Tex. App.—Dallas Jan. 31, 2011, pet. ref'd) (mem. op., not designated for publication) (concluding defendant forfeited right to contest evidentiary sufficiency of sequence of convictions by pleading "true" to enhancement paragraphs, "especially considering trial court's extensive explanation of enhanced punishments"); *Spivey v. State*, No. 05-09-00300-CR, 2010 WL 1729339, at *4 (Tex. App.—Dallas Apr. 29, 2010, pet. ref'd) (not designated for publication) (concluding complaint that State failed to prove sequential facts waived when defendant pleaded true); *Foster v. State*, No. 03-04-00801-CR, 2007 WL 1451997, at *3–4 (Tex. App.—Austin May 17, 2007, pet. ref'd) (mem. op., not designated for publication) (concluding that even though enhancement paragraphs lacked finality allegations, State's burden to prove finality of convictions relieved when defendant pleaded "true" and there was no record affirmatively showing contrary); *Bonner v. State*, 728 S.W.2d 921, 923 (Tex. App.—Houston [1st Dist.] 1987, no pet.) (concluding defendant waived sufficiency challenge to enhancement paragraph as to finality because defendant pleaded "true" even though finality no alleged).

The trial court explained in detail the punishment range for each of the offenses. The trial court specifically told appellant the two prior felony convictions enhanced his punishment to "habitual offender status" of twenty-five years to ninety-nine years or life in prison and a fine in the robbery and weapon cases. Appellant acknowledged he had been over the information with

his attorney several times. Thereafter, appellant pleaded "true" to the enhancement allegations; consequently, we conclude appellant has forfeited his complaint.

An exception to the waiver rule exists when "the record affirmatively reflects" the enhancement is itself improper. *Ex parte Rich*, 194 S.W.3d 508, 513–14 (Tex. Crim. App. 2006). Here, appellant does not argue the exception exists, nor could he. As stated previously, at the time appellant pleaded guilty to robbery and the weapon charge, he also pleaded guilty to theft and burglary. The burglary and theft indictments both contained two paragraphs properly alleging the same two felony convictions—the 2006 domestic violence offense and the 1990 burglary offense. Appellant pleaded "true" to these allegations as well. Consequently, the record affirmatively shows the enhancements were proper in all of the cases. We conclude appellant's issue is without merit.

Finally, the judgments in the burglary and robbery convictions contain incorrect recitations regarding the enhancement paragraphs. In the burglary case, the judgment reflects true to the plea and finding on the first enhancement paragraph only; it contains "N/A" on the plea and finding on the second paragraph. In the robbery, the judgment recites "N/A" where pleas and findings on two enhancement paragraphs should be entered.

The trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of the oral pronouncement. TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(West Supp. 2012); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Id*.

Here, the record establishes appellant pleaded true to both enhancement allegations and, as previously addressed, the trial court found both allegations true. Accordingly, we reform the

judgments in these causes to reflect (1) a plea of "true" and a finding of "true" to the "2nd Enhancement/Habitual Paragraph" in the burglary case and (2) pleas of "true" and findings of "true" on the 1st and 2nd "Enhancement/Habitual Paragraph." *See Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (explaining court has authority to correct judgments of court below to make record "speak the truth" when we have necessary data and information to do so).

We affirm the trial court's judgments in the theft and weapon cases (05-12-01155-CR and 05-12-01557-CR, respectively). We modify the judgments in the burglary and robbery cases (05-12-01154-CR and 05-12-01156, respectively) and affirm those judgments as modified.

    /Molly Francis/
    MOLLY FRANCIS
    JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121154F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ELISHA ROSE JR., Appellant

No. 05-12-01154-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F11-21019-T.
Opinion delivered by Justice Francis;
Justices FitzGerald and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

To reflect a plea of true and a finding of true to the 2nd Enhancement/Habitual Paragraph.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered July 29, 2013

/Molly Francis/
MOLLY FRANCIS
JUSTICE

9



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ELISHA ROSE JR., Appellant

No. 05-12-01155-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F11-21020-T.
Opinion delivered by Justice Francis;
Justices FitzGerald and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered July 29, 2013


/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

ELISHA ROSE JR., Appellant

No. 05-12-01156-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F11-21021-T.
Opinion delivered by Justice Francis;
Justices FitzGerald and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

To reflect a plea of true and a finding of true to the 1st Enhancement Paragraph and to the 2nd Enhancement/Habitual Paragraph.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered July 29, 2013

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ELISHA ROSE JR., Appellant

No. 05-12-01157-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F11-21022-T.
Opinion delivered by Justice Francis;
Justices FitzGerald and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered July 29, 2013

/Molly Francis/

MOLLY FRANCIS
JUSTICE