Roberto Raul VILLARREAL, a/k/a Bobby Villarreal, a/k/a Raul Villarreal, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 13–90–234–CR to 13–90–237–CR.

Court of Appeals of Texas, Corpus Christi.

April 25, 1991.

Reynaldo S. Cantu, Jr., Brownsville, Joe E. Cisneros, McAllen, Joseph W. Barbisch, Jr., Austin, for appellant.

Ben Euresti, Jr., Luis V. Saenz, County Criminal Dist. Attys., Brownsville, for appellee.

Before HINOJOSA, SEERDEN and DORSEY, JJ.

## OPINION

HINOJOSA, Justice.

Appellant was indicted for attempted murder, burglary of a habitation, injury to a child, and unauthorized use of a motor vehicle. The four charges were tried jointly, and the jury found appellant guilty of each offense. The punishment for each crime was enhanced by one prior felony conviction, and the court sentenced appellant to imprisonment for life, thirty years, life, and twenty years for the crimes respectively.[1] We affirm in part and reverse in part.

In the early morning hours of October 27, 1989, Leticia Ayala, her infant son Juan Pablo, and two other children were at home. Leticia's husband, Juan, was at a friend's house with appellant drinking beer. At some point, appellant borrowed Juan's car for the purpose of going to buy more beer. Instead of buying beer, however, appellant went to the Ayalas' home, forced his way in, struggled with Leticia, and ultimately stabbed both Leticia and Juan Pablo before fleeing. Approximately twelve hours later, peace officers spotted appellant driving the Ayalas' car, gave chase, and arrested appellant.

On appeal, appellant challenges the sufficiency of the evidence to support each conviction. We will review the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offenses beyond a reasonable doubt. *See Baugh v. State,* 776 S.W.2d 583, 585 (Tex.Crim.App.1989).

██  In point of error one, appellant contends the evidence is insufficient to support

---

**1.** Actually, each indictment alleged that appellant had two prior felony convictions, one for possessing cocaine and one for injuring an elderly person. However, the indictments did not contain allegations that appellant was a habitual felony offender. *See* Tex. Penal Code Ann. § 12.42(a)–(d) (Vernon 1974 and Vernon Supp. 1991).

the conviction for attempted murder. To prove its case, the State was required to establish that appellant used a knife as a deadly weapon. Appellant argues that the State failed to establish this element because the victim's stab wounds were not deep and did not require immediate hospitalization.

■ A knife is not a deadly weapon per se. *Blain v. State*, 647 S.W.2d 293, 294 (Tex.Crim.App.1983). A knife is a deadly weapon if in the manner of its use or intended use it is capable of causing death or serious bodily injury. Tex. Penal Code Ann. § 1.07(a)(11)(B) (Vernon 1974). The particular facts of each case must be reviewed to determine whether a jury finding that a knife was used as a deadly weapon is supported by the evidence. *See Tisdale v. State*, 686 S.W.2d 110, 113–115 (Tex. Crim.App.1984); *Sweeten v. State*, 686 S.W.2d 680, 683–685 (Tex.App.—Corpus Christi 1985, no pet.); *see also Zimmerman v. State*, 754 S.W.2d 402, 404–405 (Tex.App.—Corpus Christi 1988, pet. ref'd); *Williams v. State*, 732 S.W.2d 777, 778–780 (Tex.App.—Corpus Christi 1987, no pet.).

■ Contrary to appellant's contention, it is not necessary for any injury to be inflicted for the evidence to establish that a knife was used as a deadly weapon. *See Tisdale*, 686 S.W.2d at 113–15; *Garza v. State*, 794 S.W.2d 497, 499 (Tex.App.—Corpus Christi 1990, pet. ref'd).

In this case, Leticia Ayala testified that appellant threatened to kill her and Juan Pablo. He cut both victims on the throat, cut Leticia on the chest, and stabbed Juan's hand, cutting a nerve. Both victims showed scars which were caused by the wounds appellant inflicted. Although the knife was not introduced into evidence, and no detailed description of the knife was made, appellant's manner of use of the knife and his threats to kill the victims provide sufficient evidence from which a rational trier of fact could have found that the knife was a deadly weapon. *See Tisdale*, 686 S.W.2d at 113–115; *Garza*, 794 S.W.2d at 499. Point one is overruled.

In point four, appellant contends the evidence is insufficient to support his convic-

tion for injury to a child because the child did not suffer "serious bodily injury." We need not address this point on the merits. Although appellant was indicted for causing *"serious* bodily injury" to Juan Pablo, the case was submitted to the jury only on the lesser included offense of causing *"bodily injury,"* and the jury found appellant guilty only of causing "bodily injury." *"Serious* bodily injury" was not an element of the offense. Point four is overruled.

■ In point six, appellant contends the evidence is insufficient to support his conviction for burglary. To prove its case, the State had to establish that appellant entered the Ayalas' home with the intent to commit aggravated assault. The trial court charged the jury that a person commits aggravated assault if he knowingly or intentionally causes bodily injury to another person and uses a deadly weapon. *See* Tex. Penal Code Ann. § 22.02(a)(4) (Vernon Supp.1991). Accordingly, the State had to establish that appellant entered the habitation with the intent to cause bodily injury and use a deadly weapon. As the evidence shows that appellant caused bodily injury to Leticia and Juan Pablo and used a deadly weapon, a rational trier of fact could have found that appellant entered the habitation with the intent alleged in the indictment. Point six is overruled.

■ In point eight, appellant contends that the evidence is insufficient to support his conviction for unauthorized use of a motor vehicle. Appellant argues that he had consent to use the vehicle because Juan Ayala lent it to him. We disagree. The evidence shows that appellant had permission to use Ayala's car for a specific purpose and limited time. Appellant took Ayala's car but did not return it to Ayala. He then continued to operate it after he committed the crimes at the Ayala home without Ayala's effective consent. Ayala's permission to allow appellant to temporarily use his car for a specific purpose does not render the evidence insufficient. Point eight is overruled.

■ In his second point, appellant contends that the trial court erred, with re-

spect to the attempted murder of Leticia Ayala, in failing to instruct the jury on the lesser included offense of aggravated assault. Appellant was entitled to a charge on aggravated assault if the evidence showed that he, if guilty, was only guilty of the lesser included offense of aggravated assault. *See Aguilar v. State*, 682 S.W.2d 556, 558 (Tex.Crim.App.1985). In determining whether appellant was entitled to an instruction on the lesser included offense, we focus on whether some admitted evidence exists that might support the finding by a jury that when appellant stabbed Leticia he only intended to injure her and did not intend to cause her death. *Sanchez v. State*, 745 S.W.2d 353, 357 (Tex. Crim.App.1988). We find no evidence that would support this finding. Leticia's testimony showed that appellant assaulted her with a knife while threatening to kill her. Appellant testified and presented an alibi defense, denying having committed any offense.

The evidence showed that appellant was either guilty of attempted murder or not guilty. *See Godsey v. State*, 719 S.W.2d 578, 584–585 (Tex.Crim.App.1986); *Cordova v. State*, 698 S.W.2d 107, 113 (Tex.Crim. App.1985); *Wallace v. State*, 679 S.W.2d 1, 3 (Tex.Crim.App.1984). Appellant was not entitled to an aggravated assault charge. Point two is overruled.

■ In his fifth point, appellant contends that the trial court erred in assessing punishment at life in prison for the injury to a child offense. The State concedes error, and we agree. Appellant was convicted of intentionally or knowingly causing bodily injury to a child under Tex. Penal Code Ann. § 22.04(a)(4) (Vernon Supp.1991). An offense under this section is a third degree felony. Tex. Penal Code Ann. § 22.04(f) (Vernon Supp.1991). Enhanced by one prior felony conviction, appellant's punishment had to be assessed within the range for a second degree felony. *See* Tex. Penal Code Ann. § 12.42(a) (Vernon 1974). Thus, the trial court could have assessed a pun-

ishment not greater than 20 years. Tex. Penal Code Ann. § 12.33 (Vernon 1974). The court erred when it assessed punishment at life in prison. Appellant's fifth point of error is sustained.

■ In his third, seventh, ninth, tenth, and eleventh points, appellant raises the same issue. He contends that the trial court erred in assessing enhanced punishments for each offense based on the same prior felony convictions. Appellant argues that where multiple offenses arising out of a single criminal episode are tried together, one prior felony conviction should not be allowed to enhance more than one sentence. Appellant's argument is based on cases occurring before a 1979 amendment to Tex. Penal Code Ann. § 12.46 (Vernon Supp.1991). Under the present law, the same prior conviction may be used to enhance each indictment tried simultaneously. *Bonner v. State*, 728 S.W.2d 921, 922 (Tex. App.—Houston [1st Dist.] 1987, no pet.); *Cervantes v. State*, 706 S.W.2d 685, 688 (Tex.App.—Houston [14th Dist.] 1986, no pet.); *see Swoape v. State*, 658 S.W.2d 600, 601–602 (Tex.Crim.App.1983). Points three, seven, nine, ten and eleven are overruled.

■ In point twelve, appellant contends that the trial court erred in only giving one instruction on his alibi defense. Appellant testified and denied committing the offenses of attempted murder, burglary, and injury to a child. Appellant had no alibi defense for his unauthorized use indictment. When the four cases were submitted to the jury, the trial court submitted one charge which contained the abstract law, definitions, and application paragraphs relevant to each of the four offenses. Immediately following the application paragraph on the fourth offense, the trial court instructed the jury that appellant had raised the defense of "alibi" to the attempted murder, burglary and injury to a child allegations.[2] Appellant requested that an "alibi" charge be placed with each offense. Appellant contends that the placement of the singular "alibi" charge, which followed

---

**2.** "Alibi" is not a statutory defense, and the trial court could have refused to instruct the jury on this defensive theory. *See Sanders v. State*, 707

S.W.2d 78, 80 (Tex.Crim.App.1986); *Suniga v. State*, 733 S.W.2d 594, 599 (Tex.App.—San Antonio 1987, no pet.).

all of the application paragraphs, amounted to a complete failure to charge on alibi for the three offenses to which it was applicable. We disagree. A jury charge must be viewed as a whole. *Doyle v. State*, 631 S.W.2d 732, 738 (Tex.Crim.App.1982). The "alibi" charge specifically referred to the three applicable offenses and directed the jury's attention to the alibi defense. Appellant's twelfth point of error is overruled.

In his thirteenth point of error, appellant contends that the trial court erred in making an affirmative finding on the use of a deadly weapon. Appellant contends that the knife used to commit the attempted murder and injury to a child offenses was not shown to be a deadly weapon. Having found the evidence sufficient to show that appellant used the knife as a deadly weapon, we find this point without merit. Appellant's thirteenth point of error is overruled.

Appellant's convictions for attempted murder, burglary of a habitation, and unauthorized use of a motor vehicle are affirmed. Because we sustained appellant's fifth point, his conviction for injury to a child (cause # 13–90–236–CR) is reversed for error which occurred at the punishment phase of trial, and the cause is remanded to the trial court. *See* Tex.Code Crim.Proc. Ann. art. 44.29(b) (Vernon Supp.1991).