**Otis Lee DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–95–01376–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 4, 1998.

Otis Lee Davis, Huntsville, for appellants.

John B. Holmes, Jr., Houston, for appellees.

Before MURPHY, C.J., and HUDSON and FOWLER, JJ.

## OPINION

FOWLER, Justice.

Over his plea of not guilty, a jury found Otis Lee Davis ("Davis") guilty of burglary of a habitation with intent to commit theft. *See* TEX. PENAL CODE ANN. § 30.02 (West 1994). After finding Davis had two previous felony convictions, the trial judge assessed punishment at forty years imprisonment in the Texas Department of Criminal Justice, Institutional Division. The trial court convicted and sentenced Davis accordingly. Davis appeals on one point of error. We affirm the trial court judgment.

## THE CONTROVERSY

On April 4, 1995, Sandra Hale ("Hale") returned home at 2:00 a.m. to find her front door ajar and her television set moved from its normal position. Hale called the police and her apartment security officers. While the police were taking her statement, her grandson came running from the house screaming that a man was in his closet. When the police and security officers went to the grandson's room, they found Otis Lee Davis ("Davis") hiding under the child's bed.

At the beginning of the trial, the defendant was arraigned in front of the judge before the jury panel entered the courtroom. At this arraignment, the Assistant District Attorney read the indictment and the court accepted Davis' plea of not guilty. At this same time, Davis pled true to the enhancement paragraphs of his indictment. The judge instructed Davis of the consequences of his plea. The judge also inquired whether Davis had talked his decision over with his attorney and whether he understood his rights. Davis responded in the affirmative. Davis also indicated that he understood by pleading true to the enhancement paragraphs he waived the right to have the state prove beyond a reasonable doubt his prior convictions. The judge then brought in the jury panel and voir dire began. After a jury was selected and empaneled, the Assistant District Attorney read the grand jury indictment but not the enhancement paragraphs. The jury found Davis guilty of burglary of a habitation with intent to commit theft.

However, while the jury deliberated, Davis changed his punishment election from the jury to the trial court. Once the jury returned the verdict, the trial court held a punishment hearing. At this hearing, the State reoffered all the evidence from the guilt and innocence phase as well as state's exhibits one through five. Exhibit one was a stipulation of evidence that Otis Lee Davis was the same person who was previously convicted in four felony offenses and three misdemeanor offenses. The trial court assessed punishment at forty years imprisonment. Before the judge sentenced Davis to forty years, he did not reread the indictment or enhancement paragraphs.

## DISCUSSION AND HOLDING

■ The trial court did not read the indictment and the enhancement paragraphs in open court before the punishment hearing. In his sole point of error, Davis contends the failure to read these documents resulted in no plea on the enhancement paragraphs and no joining of issues between the State and himself. We do not agree that the trial court erred, but we need not address this point of error because no error was presented for review. At the trial court level, Davis failed to object to the trial court's failure to read the indictment and enhancement paragraphs before the punishment hearing. The Texas Court of Criminal Appeals has stated that an appellant may not raise this question for the first time on appeal. *See Reed v. State,* 500 S.W.2d 497, 499 (Tex.Crim.App.1973); *see also Hardman v. State,* 614 S.W.2d 123, 125–26 (Tex.Crim.App. [Panel Op.] 1981) (citing *Reed* for the proposition that the appellant may not complain for the first time on appeal about the court's failure to read the indictment in a bench trial). In *Reed,* the trial judge proceeded with the punishment stage of trial after the jury returned a guilty verdict but before the court read that portion of the indictment alleging a prior conviction for enhancement punishment. *See Reed,* 500 S.W.2d at 498. The defense counsel failed to object to the trial court's omission. *See id.* at 498–99. On appeal, the Texas Court of Criminal Appeals stated, "[h]ad there been an objection, the problem could have been easily remedied by reintroducing the evidence, if any had been offered after the enhancement allegations of the indictment had been read, and the appellant's plea thereto entered." *Id.* at 499.

■ Even if Davis had objected at the trial court level, however, we would conclude the trial court did not err by failing to read the indictment and the enhancement paragraphs. To support his argument that the trial court erred, Davis cites articles 27.01, 27.02(4), 27.16(a), and 36.01 of the Texas Code of Criminal Procedure. Only article 36.01(a)(1) addresses the reading of indictment and enhancement paragraphs before the punishment hearing. *See* TEX.CODE CRIM. PROC. ANN. Art. 36.01(a)(1) (Vernon Supp.1998). This article reads

(a) A *jury* being impaneled in any criminal action, except as provided by Subsection (b) of this article, the cause shall proceed in the following order:

1. The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such shall not be read until the hearing on punishment is held as provided in Article 37.07.

*Id.* (emphasis added). This article does not support Davis' argument that the trial court erred by failing to read the indictment before the punishment hearing because this article concerns the procedure for a trial before a jury. Chapter 36 is entitled "The Trial Before the Jury" and specifies the procedures for a trial before a jury. *See Reed,* 500 S.W.2d at 499.

It should also be noted that Davis stipulated to the truthfulness of the enhancement portion of the indictment two times: first, at his arraignment in front of the judge, before the jury panel entered, and second, when he allowed the evidence of his previous crimes to be admitted into evidence at the punishment hearing. Having stipulated to the truthfulness of these paragraphs, he cannot be heard to complain that he did not know the charges against him. "At the hearing on punishment, while represented by retained counsel, appellant stipulated to the truthfulness of the enhancement portion of the indictment. It would be difficult to say that he was mislead as to that with which he was charged." *Id.*

Additionally, in reaching our decision, we cannot help but point out the purpose of reading all of the indictment, including the enhancement paragraphs, to the jury: that is to join the issue in the juror's minds so that they will know what issues they must decide. When the judge, and not the jury, is making the decision on enhancement, we do not have to clarify the issues in the same way we would for a jury. For example, in this cause, the entire indictment was read aloud to the court and to Davis at the arraignment. In

addition, the judge took Davis' plea of true to the enhancement paragraphs at the arraignment and then heard Davis' stipulation to the truth of the enhancement paragraphs at the punishment hearing. Clearly, the issue was joined, the judge knew the contents of the indictment, and knew about the enhancement paragraphs. It would not serve any useful purpose to require the judge also to read the enhancement paragraphs out loud to himself.

For these reasons, we overrule Davis' point of error and affirm the judgment of the trial court.