

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 02-13-00527-CR**
**NO. 02-13-00528-CR**
**NO. 02-13-00529-CR**
**NO. 02-13-00530-CR**
**NO. 02-13-00531-CR**

ANTHONY DEVERN SESSION                                         APPELLANT

V.

THE STATE OF TEXAS                                                     STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

On July 15, 2013, Appellant Anthony Devern Session entered open pleas of guilty to sexual assault of a child under age seventeen, aggravated kidnapping, aggravated sexual assault by threats, theft—$1,500–$20,000—of a

---

[1]*See* Tex. R. App. P. 47.4.

vehicle, and unlawful possession of a firearm. Several months later, after a PSI was prepared, the trial court conducted a punishment hearing. At the outset of the hearing, the trial court questioned Session whether he had "pled true to the enhancement allegations in these various indictments." Although Session had not entered pleas of true, he stated that he had done so. After several other questions, the punishment hearing proceeded. The trial court ultimately sentenced Session to life imprisonment for each of the sexual assault, aggravated kidnapping, and aggravated sexual assault offenses; two years' confinement for the vehicle theft; and twenty years' confinement for the unlawful possession of a firearm offense.

In a single point, Session argues that the trial court reversibly erred by failing to read the indictments' enhancement allegations in open court before commencing with the punishment hearing. *See* Tex. Code Crim. Proc. Ann. art. 36.01(a)(1) (West 2007) ("When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held . . . ."). Session did not assert any objection to the trial court's failure to read the enhancements or to take his formal plea to the enhancements, nor did he otherwise bring the complaint to the attention of the trial court. Consequently, he has not preserved this point for appellate review. *See Navarro v. State*, No. 10-11-00051-CR, 2011 WL 4712248, at *6–7 (Tex. App.—Waco Oct. 5, 2011, no pet.) (mem. op.) (reasoning similarly); *Suares v. State*, No. 05-

2

07-00862-CR, 2008 WL 2747186, at *1–2 (Tex. App.—Dallas July 16, 2008, pet. ref'd); *Davis v. State*, 970 S.W.2d 747, 749 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (reasoning similarly). Further, even had Session preserved error, article 36.01 does "not require a reading of the enhancement paragraph to the defendant and receiving his plea in the penalty phase of a bifurcated trial when punishment is tried to the court alone." *Irby v. State*, No. 05-07-00958-CR, 2008 WL 2469275, at *10 (Tex. App.—Dallas June 20, 2008), *aff'd*, 327 S.W.3d 138 (Tex. Crim. App. 2010), *cert. denied*, 131 S. Ct. 904 (2011); *see Reed v. State*, 500 S.W.2d 497, 498–99 (Tex. Crim. App. 1973) ("In the instant case[,] the penalty stage of the bifurcated trial was before the court alone and we find nothing in Articles 36.01 and 37.07 . . . or any other statute which mandatorily requires the reading of the enhancement portion of the indictment to the defendant and receiving his plea . . . ."). We overrule Session's sole point and affirm the trial court's judgments.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 3, 2014

3