**Opinion issued November 20, 2014**



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-14-00005-CR

_____

**JESSE LOPEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case No. 1296762**

---

## O P I N I O N

A jury convicted appellant, Jesse Lopez, of the third-degree felony offense

of driving while intoxicated—third offense.[1]  After finding the allegations in two

---

[1]     *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (Vernon Supp. 2014).

enhancement paragraphs true, the trial court assessed punishment at thirty-five years' confinement. In his sole issue on appeal, appellant contends that the trial court violated Texas Code of Criminal Procedure article 36.01 by failing to receive a plea of "true" or "not true" to the allegations in the enhancement paragraphs before assessing appellant's sentence.

We affirm.

## Background

On February 23, 2011, appellant drove a van wildly around a corner onto a residential street in Katy, Texas and smashed into a parked truck and a basketball goalpost in a driveway before crashing into a neighboring house. Harris County Sheriff's Department deputies spoke with appellant, who admitted to drinking two beers, observed appellant swaying as he stood, and detected the smell of alcohol on appellant's breath. Deputies administered field sobriety tests to appellant, who demonstrated numerous clues of intoxication on each of the tests.

Because appellant had at least two prior convictions for driving while intoxicated ("DWI"), a grand jury indicted appellant for felony DWI—third offense under Penal Code sections 49.04(a) and 49.09(b)(2). *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (Vernon Supp. 2014). This offense carries a penalty range of two to ten years' confinement if not enhanced. *See id.* § 12.34(a) (Vernon 2011). If enhanced, this offense carries a penalty range of twenty-five

years' to ninety-nine years' confinement or confinement for life. *See id.* § 12.42(d) (Vernon Supp. 2014).

In addition to the two prior misdemeanor DWI convictions alleged for jurisdictional purposes, the indictment also contained two enhancement paragraphs, alleging that appellant had two further prior convictions for felony DWI. The indictment therefore read as follows:

> The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, **JESSE LOPEZ**, hereafter styled the Defendant, heretofore on or about **February 23, 2011**, did then and there unlawfully, operate a motor vehicle in a public place while intoxicated.
>
> It is further presented that before the commission of the offense alleged above, on DECEMBER 30, 1998, the Defendant was convicted of the offense of DRIVING WHILE INTOXICATED in Cause No. 9827592, in THE COUNTY CRIMINAL COURT AT LAW NO. 6, HARRIS County, Texas.
>
> It is further presented that before the commission of the offense alleged above, on FEBRUARY 22, 1999, the Defendant was convicted of the offense of DRIVING WHILE INTOXICATED in Cause No. 9907659, in THE COUNTY CRIMINAL COURT AT LAW NO. 15, HARRIS County, Texas.
>
> Before the commission of the offense alleged above, (hereafter styled the primary offense), on DECEMBER 14, 1999, in Cause Number 0826246, in the 179TH DISTRICT COURT, of HARRIS County, Texas, the Defendant was convicted of the felony of DRIVING WHILE INTOXICATED.
>
> Before the commission of the primary offense, and after the conviction in Cause Number 0826246, was final, the Defendant committed the felony of DRIVING WHILE INTOXICATED and was finally convicted of that offense on AUGUST 2, 2004, in Cause

Number 0996097, in the 232ND DISTRICT COURT, of HARRIS County, Texas.

The jury found appellant guilty of felony DWI as charged in the indictment.

Appellant elected to have the trial court assess punishment. The trial court did not begin the punishment phase of the trial by reading a copy of the indictment, including the enhancement paragraphs, to appellant, and it did not receive, at that time, appellant's plea of "true" or "not true" to the allegations in the enhancement paragraphs. Appellant did not object to the trial court's failure to do so. Instead, the punishment phase began with the trial court admitting into evidence appellant's stipulation of his prior criminal convictions plus the corresponding judgments and sentences. The stipulation included the following:

1) I am the same JESSE LOPEZ convicted of the offense of DRIVING WHILE INTOXICATED in the 179th DISTRICT COURT of HARRIS COUNTY, TEXAS in Cause No. 0826246 on DECEMBER 14, 1999. I was sentenced to 4 years in the Texas Department of Corrections.

2) I am the same JESSE LOPEZ convicted of the offense of DRIVING WHILE INTOXICATED in the 232nd DISTRICT COURT of HARRIS COUNTY, TEXAS, in Cause No. 0996097 on AUGUST 2, 2004. I was sentenced to 2 years in the Texas Department of Corrections.

These two convictions contained in the stipulation correspond to the allegations in the enhancement paragraphs of the indictment.

At the close of the punishment phase, the trial court had the following exchange with appellant:

4

| | |
|---|---|
| The Court: | Having reviewed the Stipulation of Evidence indicating that the enhancement paragraph allegations are true, I must ask you at this time, those allegations contained in the indictment which twice before you've been convicted of felonies, are they true or not true? |
| [Appellant]: | Yes, sir. |
| The Court: | Very well. I accept your plea of true to the two enhancement paragraph allegations contained in the State's indictment. Having been charged with a felony offense of driving while intoxicated, the Court having found the enhancement paragraph allegations to be true, and jury having found you guilty, as I said before, any reason why sentence of law should not now be pronounced against you? |
| [Appellant]: | No, sir. |

The trial court then assessed appellant's punishment at thirty-five years' confinement. This appeal followed.

## Reading of Enhancement Allegations

In his sole issue, appellant contends that the trial court violated Code of Criminal Procedure article 36.01 by failing to read the allegations in two enhancement paragraphs and receive a plea of "true" or "not true" to these allegations before assessing his sentence.

Code of Criminal Procedure article 36.01(a)(1) provides:

A jury being impaneled in any criminal action, except as provided by Subsection (b) of this article, the cause shall proceed in the following order:

> 1. The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment . . . reciting such convictions shall not be read until the hearing on punishment is held . . . .

TEX. CODE CRIM. PROC. ANN. art. 36.01(a)(1) (Vernon 2007). The reading of the charging instrument is mandatory and serves the twin purposes of informing the accused of the charges against him and informing the jury of the charges against the accused. *Warren v. State*, 693 S.W.2d 414, 415 (Tex. Crim. App. 1985). Article 36.01 is applicable to the punishment phase of a bifurcated trial. *Id.* at 415–16. Thus, in a jury trial, the reading of the charging instrument setting out the enhancement paragraphs, as well as the defendant's plea to the enhancement paragraphs, is mandatory during the punishment phase of the trial. *See Ex parte Sewell*, 742 S.W.2d 393, 395 (Tex. Crim. App. 1987); *Reed v. State*, 500 S.W.2d 497, 499 (Tex. Crim. App. 1973) ("There can be no question but that the enhancement portion of the indictment should be read to the jury if the punishment is to be assessed by the jury in light of Article 36.01(1).").

The Court of Criminal Appeals has also held, however, that when the punishment phase of the trial is held before the trial court, the Code of Criminal Procedure does not mandate the reading of the enhancement paragraphs and the receipt of the defendant's plea to the enhancement paragraphs. *See Reed*, 500

S.W.2d at 499; *see also Davis v. State*, 970 S.W.2d 747, 749 (Tex. App.—Houston [14th Dist.] 1998, no pet.) ("[Article 36.01] does not support Davis' argument that the trial court erred by failing to read the indictment before the punishment hearing because this article concerns the procedure for trial before a jury."); *Garner v. State*, 858 S.W.2d 656, 659 (Tex. App.—Fort Worth 1993, pet. ref'd) ("[T]here is no requirement that the enhancement paragraphs be orally read to the defendant when punishment is assessed by the trial court alone."); *Simms v. State*, 848 S.W.2d 754, 755 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd) ("Appellant had the trial judge assess punishment; therefore, it was not necessary for the State to read the enhancement paragraphs, and appellant did not have to plead to them.").

When the trial court assesses punishment, a defendant is not required to state an oral plea to enhancement paragraphs on the record if he has previously stipulated to the allegations in the enhancement paragraphs. *Garner*, 858 S.W.2d at 659; *see also Reed*, 500 S.W.2d at 499 ("At the hearing on punishment, while represented by retained counsel, appellant stipulated to the truthfulness of the enhancement portion of the indictment. It would be difficult to say that he was misled as to that with which he was charged."); *Davis*, 970 S.W.2d at 749 ("Having stipulated to the truthfulness of these [enhancement] paragraphs, he cannot be heard to complain that he did not know the charges against him.").

Here, after a jury found appellant guilty of felony DWI, the trial court assessed appellant's punishment. The trial court did not read the indictment containing the two enhancement paragraphs at the beginning of the punishment phase.[2] Instead, the State introduced, and the trial court admitted, appellant's stipulation of his prior convictions and the corresponding judgments and sentences. Appellant stipulated that he had committed, among other offenses, the two felonies alleged in the enhancement paragraphs of the indictment. At the end of the punishment phase, prior to pronouncing appellant's sentence, the following exchange occurred:

The Court: Having reviewed the Stipulation of Evidence indicating that the enhancement paragraph allegations are true, I must ask you at this time, those allegations contained in the indictment which twice before you've been convicted of felonies, are they true or not true?

[Appellant]: Yes, sir.

The Court: Very well. I accept your plea of true to the two enhancement paragraph allegations contained in

---

[2] We note that appellant did not object to the trial court's failure to read the enhancement paragraphs and receive his plea to the enhancement paragraphs. *See Reed v. State*, 500 S.W.2d 497, 499 (Tex. Crim. App. 1973) ("It would also appear that appellant may not raise the question for the first time on appeal. Had there been an objection, the problem could have been easily remedied by reintroducing the evidence, if any had been offered after the enhancement allegations of the indictment had been read, and the appellant's plea thereto entered."); *Davis v. State*, 970 S.W.2d 747, 749 (Tex. App.—Houston [14th Dist.] 1998, no pet.) ("The Texas Court of Criminal Appeals has stated that an appellant may not raise this question for the first time on appeal."); *Garner v. State*, 858 S.W.2d 656, 659 (Tex. App.—Fort Worth 1993, pet. ref'd) ("We find that appellant failed to preserve this point for appeal because he failed to object.").

the State's indictment. Having been charged with a felony offense of driving while intoxicated, the Court having found the enhancement paragraph allegations to be true, and jury having found you guilty, as I said before, any reason why sentence of law should not now be pronounced against you?

[Appellant]: No, sir.

The trial court then assessed appellant's sentence at thirty-five years' confinement.

The record thus reflects that, although the trial court did not read the enhancement paragraphs aloud to appellant before assessing punishment, the court admitted appellant's stipulation that he had committed the prior offenses alleged in the enhancement paragraphs, received verbal confirmation from appellant that he had been convicted of those offenses, and stated on the record that it found the allegations in the enhancement paragraphs to be true. Because the trial court assessed punishment, and therefore was not required to read the allegations in the enhancement paragraphs to appellant, we hold that the trial court did not err. *See Reed*, 500 S.W.2d at 499–500; *Seeker v. State*, 186 S.W.3d 36, 39 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) ("When the trial court alone assesses a defendant's punishment, the court is not required to read . . . the enhancement paragraphs or the findings to the defendant."); *Davis*, 970 S.W.2d at 749; *Garner*, 858 S.W.2d at 659.

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.


         Evelyn V. Keyes
         Justice

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

Publish.  TEX. R. APP. P. 47.2(b).

10