**Opinion issued July 2, 2019**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NOS. 01-18-00264-CR & 01-18-00265-CR**

_____

**DAVID WILLIAM LEE BOYD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 10th Judicial District**
**Galveston County, Texas**
**Trial Court Case Nos. 17CR0424 & 17CR0425**

---

## MEMORANDUM OPINION

Appellant, David William Boyd, pleaded guilty to the felony offenses of evading arrest with a motor vehicle and manufacture or delivery of a controlled substance. After finding the enhancement paragraphs true, the trial court assessed

appellant's punishment at twenty years' and fifty years' confinement, respectively. In three points of error, appellant contends that (1) the trial court erred in enhancing his punishment in both cases with the same enhancement paragraph; (2) the trial court erred in finding the enhancement paragraphs true because appellant did not plead true to them; and (3) he was denied effective assistance of counsel. We affirm.

## Background

Appellant was charged by indictment with the offenses of manufacture or delivery of a controlled substance, namely, methamphetamine, in an amount of 4 grams or more but less than 200 grams[1] (cause number 17CR0424) and evading arrest or detention (cause number 17CR0425).[2] The indictments contained the following enhancement paragraph:

> And it is further presented in and to said Court that, prior to the commission of the aforesaid offense, on the 27th day of August, 2003, in cause number 03CR0158 in the 212th District Court of Galveston County, Texas, the defendant was convicted of the felony offense of Manufacture/Delivery of a Controlled Substance.

The trial court held a plea hearing on March 5, 2018. With regard to the charged offense of manufacture or delivery of a controlled substance, the trial court stated:

> That is a first degree felony. The range of punishment for that is life or any any term between 99 and five years in the State prison system and

---

[1]    TEX. HEALTH & SAFETY CODE § 481.112(d).

[2]    TEX. PENAL CODE § 38.04.

2

a fine up to $10,000. Under certain circumstances, if the State proves certain things, the minimum sentence could be 15 years.

Appellant stated that he understood the charge against him and pleaded not guilty. The trial court accepted appellant's plea of not guilty.

With regard to the charged offense of evading arrest or detention, the trial court stated:

> That is a third degree felony. The range of punishment for that is two years to ten years in the State prison system and, again, a fine up to $10,000. If the State proves certain things, that could be increased to a second degree felony. And in that case, the range of punishment will be between two years and 20 years and, again, a fine up to $10,000.

Appellant stated that he understood the charge against him and pleaded not guilty. The trial court accepted his plea.

Following a recess, appellant pleaded guilty to the charged offenses. The trial court accepted his guilty pleas.

On March 9, 2018, the trial court held a punishment hearing. At the close of testimony, the following exchange occurred:

> The State: Yes, Your Honor. At this time, we would like to enter State's Exhibits 1 through 4 into evidence, which I believe the Defendant—we've discussed and will stipulate to is [sic] prior judgments.
>
> Defense Counsel: No objection, your Honor. They all have the seal.

The State offered Exhibits 1 through 4 consisting of records establishing appellant's prior convictions. Exhibit 1, the penitentiary packet in cause number

3

03CR0158, recorded appellant's 2003 second-degree felony conviction for possession of a controlled substance, codeine, with intent to deliver, which was used to enhance the offenses alleged in the indictments. Exhibits 2 through 4 consisted of records proving up appellant's three previous convictions for possession of a controlled substance. The trial court admitted Exhibits 1 through 4.

At the conclusion of the hearing, the trial court assessed appellant's sentences at fifty years' confinement for the manufacture or delivery of a controlled substance offense (cause number 17CR0424) and twenty-five years' confinement for the evading offense (cause number 17CR0425), with the sentences to run concurrently. The judgments in both cases reflect that appellant pleaded true to the enhancements, and the trial court found the enhancements true in both cases. This appeal followed.

**Use of Prior Conviction**

In his first point of error, appellant contends that the trial court erred in allowing his prior felony conviction in cause number 03CR0158 to be used to enhance the indictments in both cases.

Penal Code section 12.46 provides that "the use of a conviction for enhancement purposes shall not preclude the subsequent use of such conviction for enhancement purposes." TEX. PENAL CODE § 12.46. Section 12.46 was intended to overrule the judicial bar to the repeated use of prior convictions to enhance

punishment. *Haines v. State*, 623 S.W.2d 367, 369 (Tex. Crim. App. 1981); *Bonner v. State*, 728 S.W.2d 921, 922 (Tex. App.—Houston [1st Dist.] 1987, no pet.).

Appellant contends that section 12.46 limits the repeated use of an enhancement conviction to proceedings that arise later in time. He argues that because his punishment in both cases was enhanced simultaneously by the single prior conviction, rather than in a subsequent proceeding, his sentences violate section 12.46. Appellant acknowledges that case law does not support his position but nevertheless argues that those cases "appear to be wrongly decided and should be revisited."

However, this Court has previously held that the same prior conviction may be used to enhance indictments tried simultaneously. *See Bonner*, 728 S.W.2d at 922 (holding defendants' same prior conviction could be used to enhance each of three indictments tried simultaneously). Other Texas appellate courts have reached the same conclusion. *See e.g.*, *Williams v. State*, 356 S.W.3d 508, 518 (Tex. App.—Texarkana 2011, pet. ref'd) (concluding defendant's prior convictions could be used as enhancements for both charged counts of possession of controlled substance); *Bell v. State*, 326 S.W.3d 716, 724 (Tex. App.—Dallas 2010, pet. dism'd) (finding defendant's prior conviction could be used to enhance penalty range of each of three felonies with which defendant had been charged); *Kent v. State*, 879 S.W.2d 80, 84 (Tex. App.—Houston [14th Dist.] 1994, no pet.) ("Under Section 12.46, the same

5

prior conviction or convictions may be used to enhance offenses alleged in indictments tried together."); *Villarreal v. State*, 809 S.W.2d 295, 298 (Tex. App.—Corpus Christi-Edinburg 1991, pet. ref'd) (concluding that trial court did not err in assessing enhanced punishments for each of defendant's four charged offenses based on same prior felony convictions). We decline appellant's invitation to revisit our holding in *Bonner*. Accordingly, we overrule appellant's first point of error.

## Plea to Enhancement Paragraphs

In his second point of error, appellant argues that the trial court erred in (1) failing to arraign him on the enhancement paragraphs, (2) failing to seek his plea on the enhancement paragraphs, (3) finding that he pleaded true to the enhancement paragraphs, and (4) entering judgments reflecting that he pleaded true when he did not.

Code of Criminal Procedure article 36.01(a)(1) provides as follows:

> (a) A jury being impaneled in any criminal action, except as provided by Subsection (b) of this article, the cause shall proceed in the following order:
>
> > 1. The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment . . . reciting such convictions shall not be read until the hearing on punishment is held . . . .

TEX. CODE CRIM. PROC. art. 36.01(a)(1).

6

The reading of the charging instrument is mandatory and serves the dual purposes of informing the accused of the charges against him and informing the jury of the charges against the accused. *Warren v. State*, 693 S.W.2d 414, 415 (Tex. Crim. App. 1985); *Lopez v. State*, 452 S.W.3d 425, 428 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). Article 36.01 applies to the punishment phase of a bifurcated trial. *Warren*, 693 S.W.2d at 415–16. In a jury trial, the reading of the charging instrument setting out the enhancement paragraphs, as well as the defendant's plea to the enhancement paragraphs, is mandatory during the punishment phase of the trial. *See Ex parte Sewell*, 742 S.W.2d 393, 395 (Tex. Crim. App. 1987); *Lopez*, 452 S.W.3d at 428.

Here, however, the jury did not assess punishment. After he pleaded guilty, appellant elected to have the trial court assess punishment. The Court of Criminal Appeals has held that, when the punishment phase of the trial is held before the trial court, the Code of Criminal Procedure does not require the reading of the enhancement paragraphs and the receipt of the defendant's plea to the enhancement paragraphs. *See Reed v. State*, 500 S.W.2d 497, 499 (Tex. Crim. App. 1973); *see also Lopez*, 452 S.W.3d at 428; *Davis v. State*, 970 S.W.2d 747, 749 (Tex. App.—Houston [14th Dist.] 1998, no pet.). "When the trial court assesses punishment, a defendant is not required to state an oral plea to enhancement paragraphs on the

record if he has previously stipulated to the allegations in the enhancement paragraphs." *Lopez*, 452 S.W.3d at 429; *see also Reed*, 500 S.W.2d at 499.

The record reflects that, prior to appellant's pleas, the trial court explained to appellant how the punishment range in each of his cases could be increased if the State proved certain things. After appellant stated that he understood the charges against him and entered a guilty plea to both charged offenses, the trial court accepted appellant's guilty pleas and found appellant guilty in cause numbers 17CR0424 and 17CR0425. At the punishment hearing, the trial court did not read the indictments containing the enhancement paragraphs at the beginning of the punishment phase. Instead, the State introduced, and the trial court admitted, appellant's prior convictions to which appellant had stipulated and the corresponding judgments and sentences.

A review of the record shows that appellant knew of the consequences of the enhancement allegations in each case and the minimum sentences he could receive before the punishment hearing began, and he stipulated to the conviction that was used as enhancement. Because it assessed punishment, the trial court was not required to read the allegations in the enhancement paragraphs to appellant or receive a plea from him regarding the enhancement allegations. *See Reed*, 500 S.W.2d at 499–500; *Lopez*, 452 S.W.3d at 428; *Davis*, 970 S.W.2d at 749.

Appellant also complains that the trial court erred by finding that he pleaded true to the enhancement paragraphs and entering judgments reflecting that he pleaded true when he did not. "Recitals contained in a judgment create a presumption of regularity and truthfulness, absent an affirmative showing to the contrary." *Simms v. State*, 848 S.W.2d 754, 756 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd) (citing *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984)). Under the judicial presumption of regularity, a reviewing court, absent evidence of impropriety, indulges "every presumption in favor of the regularity of the proceedings and documents in the lower court." *Light v. State*, 15 S.W.3d 104, 107 (Tex. Crim. App. 2000).

Here, the judgments reflect that appellant pleaded "true" to the enhancement paragraphs and that the trial court found the enhancement paragraphs in the indictments to be true. There was no dispute in the trial court about the evidence presented for the enhancement. Instead of an "affirmative showing" contrary to a presumption of regularity, the record establishes that appellant responded "no objection" when the State offered evidence of his prior convictions. Appellant has not shown that the judgments are not entitled to a presumption of regularity. *See Simms*, 848 S.W.2d at 756 (rejecting defendant's argument that trial court erred by not announcing in open court its finding of true to enhancement paragraphs because judgment, which stated trial court had found enhancement paragraphs true, was

entitled to presumption of regularity and truthfulness, absent affirmative showing to contrary). We therefore credit the recitals in the judgments. Appellant's second issue is overruled.

## Ineffective Assistance of Counsel

In his third point of error, appellant contends that he was denied effective assistance of counsel because his attorney did not object to (1) the trial court's failure to arraign him on the enhancement paragraphs; (2) the recitals in the judgments reflecting that appellant pleaded true to the enhancements allegations; (3) the introduction of appellant's prior convictions without requiring the State to prove that the convictions were final and that appellant was the person who was previously convicted of the offenses; and (4) the use of the same enhancement paragraph in both cases.

### A. Standard of Review

The standard of review for evaluating claims of ineffective assistance of counsel is set forth in *Strickland v. Washington*. 466 U.S. 668, 687 (1984). Under the *Strickland* two-step analysis, a defendant must demonstrate that (1) his counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687–88, 694; *Andrews v. State*, 159 S.W.3d 98, 101–02 (Tex. Crim. App. 2005). "A reasonable probability is a

probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *See Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *Andrews*, 159 S.W.3d at 101.

An appellant bears the burden of proving by a preponderance of the evidence that his counsel was ineffective. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id*. at 814. When the record is silent, we may not speculate to find trial counsel ineffective. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). In reviewing counsel's performance, we look to the totality of the representation to determine the effectiveness of counsel, indulging a strong presumption that counsel's performance is within a wide range of reasonable professional assistance and trial strategy. *See Robertson v. State*, 187 S.W.3d 475, 482–83 (Tex. Crim. App. 2006); *Thompson*, 9 S.W.3d at 813. We will find a counsel's performance deficient only if the conduct is so outrageous that no competent attorney would have engaged in it. *Andrews*, 159 S.W.3d at 101. "When handed the task of determining the validity of a defendant's claim of ineffective assistance of counsel, any judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight."

11

*Thompson*, 9 S.W.3d at 813 (citing *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984)).

**B.     Analysis**

Appellant contends that his trial counsel was ineffective when he failed to object to the lack of an arraignment.  As we previously noted, when the punishment phase of the trial is held before the trial court, the Code of Criminal Procedure does not require the reading of the enhancement paragraphs and the receipt of the defendant's plea to the enhancement paragraphs.  *See Reed*, 500 S.W.2d at 499; *see also Lopez*, 452 S.W.3d at 428; *Davis*, 970 S.W.2d at 749.  With regard to appellant's assertion that trial counsel rendered ineffective assistance when he did not object to the use of the same enhancement paragraph in both cases, we noted that Texas courts have consistently held that the same prior conviction may be used to enhance each indictment tried simultaneously.  *See e.g.*, *Bell*, 326 S.W.3d at 724; *Kent*, 879 S.W.2d at 84; *Villarreal*, 809 S.W.2d at 298; *Bonner*, 728 S.W.2d at 922.  Trial counsel was not ineffective for not objecting on these grounds.

Appellant also argues that his trial counsel was ineffective when he did not object to the judgments stating that appellant pleaded true to the enhancement allegations.  Appellant did not file a motion for new trial raising an ineffective assistance claim, obtain an affidavit from trial counsel, or request a post-conviction hearing.  Based on this silent record, we cannot conclude that no reasonable trial

12

strategy could justify his trial counsel's conduct. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Moreover, it is possible that appellate counsel did not file a motion for new trial because appellant's trial counsel knew that appellant had pleaded true to the enhancement allegations and, therefore, such a complaint would have been futile. In addition, recitals in a judgment create a presumption of regularity and truthfulness in the absence of an affirmative showing to contrary, *see Simms*, 848 S.W.2d at 756, and there is nothing in the record demonstrating that the judgments are incorrect, *see Thompson*, 9 S.W.3d at 814.

Appellant also asserts that trial counsel was deficient when he failed to object to the introduction of appellant's prior convictions without requiring the State to prove that the convictions were final and that appellant was the person who was previously convicted of the offenses. As we have noted, the record is silent as to trial counsel's strategy. In addition, it is possible that appellant told trial counsel that he was the same person who was convicted of the prior offenses, or that trial counsel spoke with a fingerprint expert and knew that the judgments belonged to appellant. It is also possible that counsel stipulated to the judgments in an effort to strengthen appellant's plea for leniency. *See Donald v. State*, 543 S.W.3d 466, 480 (Tex. App.—Houston [14th Dist.] 2018, no pet.) ("[T]he decision to stipulate to evidence of past convictions would seem to be a classic example of trial strategy.") (quoting *Stafford v. State*, 758 S.W.2d 663, 673–74 (Tex. App.–Houston [1st Dist.]

1988), *rev'd on other grounds*, 813 S.W.2d 503 (Tex. Crim. App. 1991)). Accordingly, appellant has not shown that his trial counsel's conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed*, 187 S.W.3d at 392 (*quoting Garcia*, 57 S.W.3d at 440).

Under these circumstances, appellant has not rebutted the strong presumption that the decisions of counsel during trial fell within the wide range of reasonable professional assistance. *See Thompson*, 9 S.W.3d at 814. Because appellant has failed to meet his burden under the first prong of *Strickland*, we do not address the requirements of the second prong. *See Strickland*, 466 U.S. at 697 (concluding defendant's failure to satisfy one prong of two-part test negates court's need to consider other prong). Accordingly, we overrule appellant's third point of error.

**Conclusion**

We affirm the trial court's judgment.


Russell Lloyd
Justice

Panel consists of Justices Lloyd, Kelly, and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).

14