

In The
Court of Appeals
Seventh District of Texas at Amarillo

———————————

No. 07-20-00057-CR
No. 07-20-00058-CR

———————————

JAIME CUELLAR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 70,471-D & 70,472-D; Honorable Don Emerson Presiding

October 6, 2020

Before PIRTLE, PARKER, and DOSS, JJ.

## MEMORANDUM OPINION

Appellant, Jaime Cuellar, appeals from his convictions following pleas of guilty to the offenses of tampering with physical evidence[1] and possession of a controlled substance, Penalty Group One, in an amount of one gram or more but less than four

---

[1] TEX. PENAL CODE ANN. § 37.09(A)(1) (WEST 2019). An offense under this section is a felony of the third degree. *Id.* at § 37.09(c).

grams.[2] Appellant challenges his convictions through two issues: (1) whether the trial court erred by issuing two separate judgments when only one judgment was pronounced and (2) whether the trial court should correct its written judgments to properly reflect Appellant's plea to, and the trial court's disposition of, an enhancement allegation contained in the indictment. We will affirm.

## BACKGROUND

Appellant was charged with tampering with physical evidence and possession of a controlled substance via two separate indictments. Each indictment contained an enhancement allegation alleging Appellant had previously been convicted of the felony offense of aggravated possession of marihuana, in the 49th District Court of Webb County, on July 10, 1995. On April 30, 2018, Appellant entered an "open plea"[3] of guilty. In a consolidated hearing before the bench, the trial court admonished Appellant as to the two indictments then asked, "Are you guilty or not?" Appellant responded, "Yes, Your Honor, I'm guilty." The State then entered into evidence by stipulation four exhibits: (1) an arrest report, (2) a lab report, (3) a judgment and sentence from Appellant's Webb County conviction, and (4) a judgment from Appellant's 2017 conviction for possession of a controlled substance, Penalty Group One, in an amount over one but less than four grams. Following admission of the exhibits and brief arguments by counsel, the trial court stated, "Okay. I'll find you guilty, order a presentence investigation."

---

[2] TEX. HEALTH & SAFETY CODE ANN. § 481.115(A) (WEST 2017). An offense under this section is a third degree felony. *Id.* at § 481.115(c).

[3] An "open plea" is a plea of guilty or *nolo contendere*, entered before the trial court without an agreed recommendation from the prosecution as to punishment.

Because the State provided Appellant notice of its intent to enhance his range of punishment by only one prior felony offense,[4] the applicable range of punishment for each offense, as enhanced, was the range of punishment applicable to a second degree felony—i.e., imprisonment for a term of not more than twenty years or less than two years and a fine not to exceed $10,000.[5]

The trial court reconvened the causes for a punishment hearing on June 21, 2018. At the commencement of that hearing, the trial court did not call for, nor did Appellant enter a plea "true" to the enhancement allegation contained in each indictment. Instead, the trial court reviewed the presentence investigation report and questioned Appellant. His counsel argued for a lesser punishment given the smaller quantity of drugs found in his possession and the minor tampering that was "an offense of panic" rather than an "offense of premeditation." The trial court then stated, "Okay. You have been found guilty of the – in Cause No. 70,472 and in Cause No. 70,471, I do now sentence you to serve ten years in the Texas Department of Corrections . . . ." Thereafter, the court entered separate written judgments for each case, assessing a sentence of ten years confinement in each case, with the sentences to be served concurrently. Each judgment also reflected a plea of "True," as well as a finding of "True," as to the enhancement allegation. While

---

[4] TEX. PENAL CODE ANN. § 12.42(a) (West 2019). An offense "punished as" a higher offense raises the level of punishment, not the degree of the offense. *Oliva v. State*, 548 S.W.3d 518, 526-27 (Tex. Crim. App. 2018).

[5] TEX. PENAL CODE ANN. § 12.33 (West 2019).

Appellant did not immediately appeal his convictions, the Texas Court of Criminal Appeals did grant him leave to file an out-of-time notice of appeal.[6]

### ISSUE ONE—ABUSE OF DISCRETION

Through his first issue, Appellant contends the trial court abused its discretion by issuing two written judgments setting forth two ten-year sentences when the trial court pronounced a single "global sentence" without specifying to which charge the ten-year sentence applied. Appellant argues that the court's failure to orally pronounce which sentence applied to which offense rendered the judgment vague and void. Consequently, he asserts, the judgments should be reversed and remanded to the trial court for a new hearing.

A trial court's sentencing order is subject to review by an appellate court under an abuse of discretion standard. *Jackson v. State*, 562 S.W.3d 717, 722 (Tex. App.—Amarillo 2018, no pet.) (citing *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *Moore v. State*, No. 11-13-00050-CR, 2014 Tex. App. LEXIS 13318, at *5 (Tex. App.—Eastland Dec. 11, 2014, no pet.) (mem. op., not designated for publication)). As a general rule, a trial court's sentence will not be disturbed if that sentence is within the statutory range of punishment for the offense in question because such a sentence complies with the objectives of the penal code. *Jackson*, 562 S.W.3d at 722 (citing *Jackson*, 680 S.W.2d at 814).

---

[6] Appellant requested and received permission from the Texas Court of Criminal Appeals to file an out-of-time notice of appeal in each cause. *See Ex parte Cuellar*, Nos. WR-89,752-01, WR-89,752-02, 2020 Tex. Crim. App. Unpub. LEXIS 15 (Tex. Crim. App. Jan. 15, 2020).

Texas Penal Code section 3.03 requires that when "the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced." *Id.* Article 42.03, section 1(a) of the Texas Code of Criminal Procedure further provides that sentence shall be pronounced in the defendant's presence because the pronouncement of sentence is the appealable event, whereas the written judgment is simply a memorialization of the oral sentence and should comport with its terms. *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998).

Relying on *Kerr v. State*, Nos. 07-13-00128-CR, 07-13-00380-CR, 2014 Tex. App. LEXIS 12850 (Tex. App.—Amarillo Nov. 25, 2014, no pet.) (mem. op., not designated for publication), Appellant argues the trial court's pronouncement of sentence here was void for vagueness just like the pronouncement in *Kerr*. In *Kerr*, the defendant was charged with two counts in a single indictment. *Id.* at *3. He was placed on deferred adjudication. *Id.* When the State moved to adjudicate the defendant guilty, it did so without differentiating between the counts. *Id.* At the hearing, the court called the case to order by the single cause number and did not separately call Counts I and II. *Id.* The trial court did not announce an adjudication of guilt on either count. *Id.* at *4. Because the trial court announced a sentence of seventy-five years without specifying to which count the sentence applied, the judgment was reversed. *Id.*

We, like the State, find *Kerr* distinguishable from the matter before us. Here, Appellant was charged via two separate indictments, not two counts in a single indictment. We find other distinguishing factors as well. At the outset of the plea hearing in this case, the court stated, "You have been indicted in Cause No. 70,472 with

possession of a controlled substance, and in 70,471 with tampering or fabricating evidence with the intent to impair something." The court continually referenced "these offenses" and "these cases" in discussing punishment. The court also referenced the written plea admonishments Appellant signed for each cause and confirmed with Appellant his understanding of the applicable punishment range for the two offenses. Furthermore, at the end of the sentencing hearing, the court stated, "Okay. You have been found guilty of the – in Cause No. 70,472 and in Cause No. 70,471, I do now sentence you to serve ten years in the Texas Department of Corrections . . . ." Unlike in *Kerr*, the trial court here specifically noted Appellant had been found guilty in each separate cause number just prior to announcing sentence.

If there is ambiguity in the pronouncement of sentence, then the verdict, oral pronouncement, and written judgment should be read together to resolve the ambiguity. *Morris v. State*, Nos. 07-12-0408-CR, 07-12-0409-CR, 07-12-0410-CR, 2013 Tex. App. LEXIS 4782, at *3 (Tex. App.—Amarillo Apr. 16, 2013, pet. ref'd) (mem. op., not designated for publication) (citing *Aguilar v. State*, 202 S.W.3d 840, 843 (Tex. App.—Waco 2006, pet. ref'd)). Furthermore, the context of the court's utterances should be considered. *Morris*, 2013 Tex. App. LEXIS 4782, at *3 (citing *Hill v. State*, 213 S.W.3d 533, 536 (Tex. App.—Texarkana 2007, no pet.)). Accordingly, we find the record here sufficiently reflects the trial court's intent to sentence Appellant to a term of ten years of imprisonment for each conviction. Because the written judgments mirror that intent, we find no error. Appellant's first issue is resolved against him.

6

**ISSUE TWO—REFORMATION OF JUDGMENT**

Via his second issue, Appellant contends this court should reform the written judgments to delete the plea of "true" noted in the summary portion of the judgment under "Plea to 1st Enhancement Paragraph" and "Findings on 1st Enhancement Paragraph." Appellant argues he did not plead "true" to the enhancement allegations in either indictment, nor did the trial court find the enhancement allegations to be "true." Accordingly, Appellant asserts, the judgments should not reflect a "true" plea and finding for the first enhancement paragraph.

The State disagrees, arguing no oral plea or finding was necessary because Appellant pleaded "guilty" to the indictments containing the enhancement allegations in open court. Further, and more importantly, Appellant signed and filed with the trial court a *Judicial Confession* stating he confessed guilt to each offense and that he pleaded "[t]rue to enhancement paragraphs in the Indictment or Information." Additionally, during the plea hearing, Appellant's counsel made the following judicial admission, "Your Honor, the—Mr. Cuellar has one prior conviction, which we have agreed to in this case. That's a 1995 marijuana conviction that was a felony." This was the offense alleged in the enhancement paragraphs of each indictment.

"Absent an affirmative showing to the contrary, recitals in a judgment create a presumption of regularity and truthfulness." *Hernandez v. State*, No. 05-18-00172-CR, 2019 Tex. App. LEXIS 6745, at *17 (Tex. App.—Dallas Aug. 5, 2019, pet. ref'd) (mem. op., not designated for publication) (citing *Breazeale v. State*, 683 S.W.2d 446, 450-51 (Tex. Crim. App. 1984) (op. on reh'g)). The trial court is not required to read the enhancement paragraph or the findings to a defendant when the trial court alone

7

assesses the defendant's punishment. *Epps v. State*, Nos. 05-07-00040-CR, 05-07-00041-CR, 05-07-00042-CR, 2007 Tex. App. LEXIS 6809, at *6-7 (Tex. App.—Dallas Aug. 17, 2007, no pet.) (mem. op., not designated for publication) (citing *Reed v. State*, 500 S.W.2d 497, 499 (Tex. Crim. App. 1973); *Seeker v. State*, 186 S.W.3d 36, 39 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd)). Furthermore, a defendant is not required to state an oral plea to enhancement paragraphs on the record if he has previously stipulated to the allegations in the enhancement paragraphs. *Hernandez,* 2019 Tex. App. LEXIS 6745, at *18 (citing *Lopez v. State*, 452 S.W.3d 425, 429 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd); *Garner v. State*, 858 S.W.2d 656, 659 (Tex. App.—Fort Worth 1993, pet. ref'd)). "Although it is preferred that trial courts read the enhancement paragraphs orally and find them to be true or not true on the record, a trial court does not err by not doing so." *Davis v. State*, No. 05-14-01374-CR, 2016 Tex. App. LEXIS 743, at *15 (Tex. App.—Dallas Jan. 26, 2016, no pet.) (mem. op., not designated for publication) (citing *Seeker*, 186 S.W.3d at 39). Because an enhancement finding only affects the range of punishment and is not otherwise a part of the accused's sentence that must be pronounced in open court, a trial court "does not commit error by failing to announce its enhancement findings in open court prior to sentencing so long as it appears from the record that the court found the enhancement true and entered the sentence accordingly." *Davis*, 2016 Tex. App. LEXIS 743, at *16 (citing *Meineke v. State*, 171 S.W.3d 551, 557 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd)).

Because the trial court had no duty to make an oral finding of "true" or "not true" on the enhancement paragraph in each case and because the record reflects Appellant pleaded "true" to each through his guilty plea to each offense as indicted and through his

signing of a judicial confession that included a plea of "true" to the enhancements in each case, we conclude the plea and finding of "true" recited in the written judgments of conviction are "not inconsistent with the trial court's oral silence concerning the finding[s]." *Epps*, 2007 Tex. App. LEXIS 6809, at *7.  *See Seeker*, 186 S.W.3d at 39; *Hernandez*, 2019 Tex. App. LEXIS 6745, at *18.  Further, given the state of the record, Appellant has not overcome the presumption that the recitations in the judgment regarding his plea of true and the court's finding of true are correct.  *Hernandez*, 2019 Tex. App. LEXIS 6745, at *18.

We note also that reformation of the judgments to delete the pleas and findings of "true" would not alter the outcome of Appellant's cases.  Appellant was charged with two separate third degree felonies, each carrying an applicable range of punishment of imprisonment for a term of two to ten years.  TEX. PENAL CODE ANN. § 12.34(a) (West 2019).  With Appellant's stipulated previous final felony conviction, the applicable punishment range for each increased to a term of imprisonment of two to twenty years.[7] *Id.* at § 12.42(a).  But, because the trial court sentenced Appellant to imprisonment for a term of ten years for each offense, a sentence within the range of both a second degree and a third degree felony, removing the enhancement finding would do nothing to alter Appellant's sentences.  *See Bray v. State*, 179 S.W.3d 725 (Tex. App.—Fort Worth 2005, no pet.) (citing *Homan v. Hughes*, 708 S.W.2d 449, 454 (Tex. Crim. App. 1986) (stating that the law does not compel us to require courts to perform "useless tasks")).  As such, we overrule Appellant's second issue.

---

[7] We note that the same prior conviction may be used to enhance each indictment tried simultaneously.  *Villarreal v. State*, 809 S.W.2d 295, 298 (Tex. App.—Corpus Christi 1991, pet. ref'd).

9

**CONCLUSION**

Having resolved each of Appellant's issues against him, we affirm the judgments of the trial court.

Patrick A. Pirtle
                                                    Justice

Do not publish.